[No. 66557-0-I.   Division One.   March 5, 2012.]

DENISE V. ENGSTROM, *Appellant*, v. REBECCA HARSTEN
GOODMAN, *Respondent*.

*Mark G. Olson*, for petitioner.

*Debora A. Dunlap* (of *McGaughey Bridges Dunlap PLLC*), for respondent.

¶1 BECKER, J. — Denise Engstrom, plaintiff in this personal injury suit, prevailed at mandatory arbitration. The

attorney for defendant Rebecca Hardesten[1] signed and submitted a request for a trial de novo. Counsel for Engstrom moved to strike the request on the ground that Hardesten had not authorized it. The trial court denied the motion and sanctioned counsel for Engstrom for communicating directly with Hardesten, a represented party, in order to obtain declarations supporting the motion. We affirm these rulings. Hardesten is entitled to proceed to trial de novo.

## FACTS

¶2 The arbitrator found Hardesten liable for damages incurred by Engstrom in a car accident. Hardesten's attorney filed a timely request for trial de novo on October 25, 2010.

¶3 On November 3, 2010, Hardesten personally sent an e-mail to Engstrom's attorney, John Williams, in which she said she did not agree to a new trial and she did not wish to be represented by her attorney.

¶4 Engstrom served requests for admission, asking whether Hardesten had authorized or consented to the request for trial de novo. Hardesten's attorney objected on the basis of attorney-client privilege and did not provide answers.

¶5 Under MAR 7.1(a), a request for trial de novo after an award in mandatory arbitration must be filed by an "aggrieved party." Engstrom took the position that the request for trial de novo, filed by Hardesten's attorney and not signed by Hardesten herself, was a nullity unless Hardesten herself authorized or consented to the filing. Engstrom's attorney, Williams, prepared a declaration for Hardesten stating that she did not authorize or consent to the filing. Hardesten signed the declaration. Williams

---

[1] While the case caption refers to Rebecca Harsten Goodman, we follow the convention of the parties, which is to refer to respondent as Rebecca Hardesten.

signed his own declaration. Armed with these declarations, Engstrom moved to strike Hardesten's request for trial de novo.

¶6 Hardesten's attorney withdrew. Represented by new counsel, Hardesten moved to strike the declarations of Williams and Hardesten as improperly obtained in violation of the rules of professional conduct. Hardesten also moved for sanctions against Williams. After a hearing on December 17, 2010, the trial court granted Hardesten's motions and denied Engstrom's motion to strike the trial de novo.

¶7 Williams withdrew a few days later. Engstrom, through her new attorney, brings the trial court rulings before us on discretionary review.[2]

## ORDER STRIKING DECLARATIONS

■ ■ ¶8 Engstrom presented the declarations of Hardesten and Williams to the trial court to prove that the request for trial de novo was filed without Hardesten's consent. The trial court struck the declarations, finding that they contained information Williams obtained in violation of the rule against communicating with a repre-

---

[2] The record contains materials submitted to the trial court after the trial court made the rulings that are before us on discretionary review. Hardesten has moved to strike these materials from the appellate record. She relies on the rule that in reviewing an order granting or denying a motion for summary judgment, this court will consider only evidence and issues called to the attention of the trial court. RAP 9.12. But this is not summary judgment. And in any event, a motion to strike is typically not necessary to point out evidence and issues a litigant believes this court should not consider. No one at the Court of Appeals goes through the record or the briefs with a stamp or scissors to prevent the judges who are hearing the case from seeing material deemed irrelevant or prejudicial. So long as there is an opportunity (as there was here) to include argument in the party's brief, the brief is the appropriate vehicle for pointing out allegedly extraneous materials— not a separate motion to strike. *See Cameron v. Murray*, 151 Wn. App. 646, 658, 214 P.3d 150 (2009), *review denied*, 168 Wn.2d 1018 (2010).

The rules of appellate procedure allow a party to designate "those clerk's papers and exhibits the party wants the trial clerk to transmit to the appellate court." RAP 9.6(a). Engstrom's designation of the record was within this rule. We deny the motion to strike.

sented party when her attorney was not present.[3] Engstrom contends the declarations should not have been stricken as they provided key admissible evidence that Hardesten did not want a trial de novo. We review a trial court's ruling on a motion to strike for an abuse of discretion. *King County Fire Prot. Dist. No. 16 v. Hous. Auth.*, 123 Wn.2d 819, 826, 872 P.2d 516 (1994). Likewise, we review a trial court's decision to admit or exclude evidence for abuse of discretion. *City of Kennewick v. Day*, 142 Wn.2d 1, 5, 11 P.3d 304 (2000).

¶9 The Hardesten and Williams declarations are not in the appellate record. Instead, the record contains two pages, mostly blank, one for each declaration, each marked with the title of the document ("Declaration of John M. Williams" and "Declaration of Rebecca Hardesten"). Each page is labeled "Snohomish County Clerk's Office: Documents Removed."[4]

¶10 How these documents came to be "removed" is a topic in itself. Counsel for Hardesten drafted the order striking the declarations with a finding that the declarations should be "removed from the court file by the clerk."[5] The final order, however, shows the quoted phrase lined out. Instead, the sentence (with a handwritten interlineation) reads, "The declarations shall therefore be stricken from consideration in the motion to strike trial de novo."[6] The transcript of the hearing on December 17, 2010, confirms that the change was the result of a deliberate decision by the court. Hardesten's counsel asked the trial court to "expunge" the declarations from the court file to prevent the possibility that the judge who would eventually preside over the trial de novo would see them and be prejudiced against Hardesten. Counsel claimed she had been able to

---

[3] Clerk's Papers at 38-40 (order entered December 17, 2010).

[4] Clerk's Papers at 112, 113.

[5] Clerk's Papers at 39.

[6] Clerk's Papers at 39.

get a court in a different county to "expunge" prejudicial documents. The court refused this request: "It can't be expunged. Even when I say strike that, she writes down 'strike that' and she leaves what information is there."[7]

¶11 Although the finding that directed removal of the documents was deleted, the order as drafted by counsel for Hardesten contained similar language on the next page granting the motion "with the instruction to the court clerk to remove these declarations from the court file."[8] It appears that the judge overlooked this second reference to removal, with the result that the court clerk acted upon it and removed the declarations. This was clearly not the trial court's intention. Counsel should have alerted the court to the discrepancy to ensure that all parts of the order were consistent and reflected the court's ruling.

¶12 As shown by the transcript of the oral ruling, the trial court correctly understood that granting a motion to "strike" does not have the effect of physically altering the documents or removing them from the file. See GR 15(b)(7): "A motion or order to strike is not a motion or order to seal or destroy." Court records can be sealed in some circumstances using the procedures in GR 15. But they cannot be destroyed unless destruction is expressly permitted by statute. GR 15(h). The rules make no provision for having documents "removed." By "striking" the declarations, the court merely declared them inadmissible as evidence, with the effect that they would not be considered in support of Engstrom's motion to strike the request for trial de novo. For future reference, counsel and court personnel who were involved in removing the declarations from the record are advised to consult the rules and case law concerning court records.

¶13 One reason for maintaining the integrity of court records is that having the underlying documents in the

---

[7] Report of Proceedings at 14-15.

[8] Clerk's Papers at 40.

record is essential to appellate review of a trial court ruling. Appellate review is not hampered in this case, however, because the record elsewhere includes sufficient documentation of how Williams obtained Hardesten's declaration and what it said. Engstrom's "Motion to Strike De Novo Appeal" acknowledges as an "undisputed" fact that Hardesten contacted Williams to advise him that she "was seeking independent counsel." The motion quotes the contents of the Hardesten declaration.[9]

¶14 The record also includes a later declaration by Williams stating that he received an "unsolicited electronic mail" from Hardesten on November 3, 2010.[10] Attached to this declaration is a copy of the e-mail, in which Hardesten invited Williams to contact her:

John,

I do not agree to a new trial.

I am not happy with these events, with my lawyers, or with Unitrin [Hardesten's insurance company] pursuing this further. I can not imagine how Ms. Engstrom would want more than the existing settlement, and although I do not agree with it, I would rather leave it as is, than open this case back up.

I am consulting with third party attorneys, but feel free to contact me further as I do not wish to be represented by Mr. Welchman.[11]

After receiving this e-mail, Williams obtained from Hardesten her signed declaration stating that she did not authorize her attorney to request a trial de novo:

1.  I am the named Defendant in the above-captioned case. My current name is Rebecca Hardesten.

---

[9] Clerk's Papers at 102-04.

[10] Clerk's Papers at 26 (declaration signed by Williams on January 18, 2011, after he withdrew from the case).

[11] Clerk's Papers at 27 (attachment to Williams' declaration signed on January 18, 2011).

2. It is my understanding that this case was arbitrated on October 5, 2010 and an award was entered for the Plaintiff Denise Engstrom.

3. It is now my understanding that my attorney at that time, Philip Welchman, appealed the arbitration award by filing a Request for a Trial De Novo.

4. I did not authorize Mr. Welchman to appeal the arbitration award by filing the Request for a Trial De Novo, nor did I consent to it in any manner.

5. It is my belief that my insurance company, Unitrin, told Mr. Welchman to appeal the arbitration award.

6. I was under the impression that I was Mr. Welchman's client, however, it appears that he was really representing Unitrin Insurance.

7. I am currently seeking independent counsel, but have not retained an attorney to date.[12]

These documents show that plaintiff's attorney Williams communicated directly with defendant Hardesten.

¶15 Williams contends it was error to strike the declarations because the matters communicated were not protected by the attorney-client privilege. This argument is misplaced. The motion and order to strike the declarations were based on ex parte communications with a represented party, not the attorney-client privilege.

¶16 The rules of professional conduct prohibit attorneys from communicating with a represented party:

In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

RPC 4.2. The purpose of RPC 4.2 is to prevent situations in which a represented party is taken advantage of by adverse counsel. *In re Disciplinary Proceeding Against Carmick*, 146 Wn.2d 582, 597, 48 P.3d 311 (2002).

---

[12] Clerk's Papers at 103.

¶17 Engstrom contends there was no violation of the rule because it was Hardesten who initiated the communication with Williams by sending him the e-mail message.

¶18 The fact that Hardesten first approached Williams is irrelevant. As the official comments make clear, the rule applies· "even though the represented person initiates or consents to the communication"; in such a case, the lawyer "must immediately terminate communication" with the represented person. RPC 4.2 cmt. 3. Williams did not immediately terminate communication with Hardesten. Instead, he obtained from her a signed declaration repeating the substance of her e-mail message.

¶19 Engstrom further argues that Williams should be excused for soliciting Hardesten's declaration because her e-mail message gave him a reasonable basis to believe she was unrepresented.[13] Engstrom is mistaken. The question is whether there is a reasonable basis for an attorney to believe a party may be represented. If so, the attorney's duty is to determine whether the party is in fact represented. *Carmick*, 146 Wn.2d at 598. Williams did not fulfill this duty. As Hardesten's attorney had not withdrawn, Williams had a reasonable basis for believing Hardesten was still represented, despite her statement that she did not "wish to be represented" by that attorney. By taking the matter into his own hands, Williams took advantage of Hardesten.

¶20 Williams could have simply forwarded the e-mail to Hardesten's attorney. Alternatively, he could have submitted it to the court under RCW 2.44.030.

> The court, or a judge, may, on motion of either party, and on showing reasonable grounds therefor, require the attorney for the adverse party, or for any one of several adverse parties, to

---

[13] In support of this argument, Engstrom cites *In re Users System Services, Inc.*, 22 S.W.3d 331, 42 Tex. Sup. Ct. J. 836 (1999). The case does not constitute persuasive authority because it is factually and procedurally distinguishable.

produce or prove the authority under which he or she appears, and until he or she does so, may stay all proceedings by him or her on behalf of the party for whom he or she assumes to appear.

RCW 2.44.030. We do not hold that Hardesten's e-mail amounted to reasonable grounds for a court inquiry into the authority of Hardesten's counsel under RCW 2.44.030, but if Williams believed it did, his professional recourse was to address the court under this statute, not to communicate directly with Hardesten.

¶21 Engstrom has not argued that striking the declarations was an improper remedy for the violation of RPC 4.2; her position is that no violation occurred. We conclude the trial court correctly determined there was a violation. The court did not abuse its discretion by striking the declarations.

## ORDER DENYING MOTION TO STRIKE TRIAL DE NOVO

¶22 The trial court denied Engstrom's motion to strike Hardesten's request for a trial de novo. Engstrom contends the motion should have been granted because the request was filed without the consent of Hardesten, the aggrieved party.

¶23 MAR 7.1(a) allows a request for trial de novo to be filed by an "aggrieved party":

Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case.[14]

*See also* RCW 7.06.050.

[14] We note that MAR 7.1 was amended on September 1, 2011. Former MAR 7.1 (2001) applies here.

¶24 With the Hardesten and Williams declarations having been properly excluded, Engstrom had no factual evidence to support her claim that Hardesten did not consent to the request for trial de novo. As well, the claim was without legal support.

¶25 Once a party has designated an attorney to represent the party in regard to a particular matter, the court and the other parties to an action are entitled to rely upon that authority until the client's decision to terminate it has been brought to their attention. *Haller v. Wallis*, 89 Wn.2d 539, 547, 573 P.2d 1302 (1978). Absent fraud, the actions of an attorney authorized to appear for a client are generally binding on the client. *Haller*, 89 Wn.2d at 545-47; *Rivers v. Wash. State Conference of Mason Contractors*, 145 Wn.2d 674, 679, 41 P.3d 1175 (2002). The requirement for filing by an aggrieved party is satisfied when an attorney files a request for trial de novo on behalf of an aggrieved client. *Russell v. Maas*, 166 Wn. App. 885, 272 P.3d 273 (2012).

¶26 The filing of the request for trial de novo by Hardesten's attorney was binding on Hardesten. Following *Russell*, we affirm the order denying Engstrom's motion to strike the trial de novo.

## SANCTIONS AGAINST ATTORNEY

¶27 The court sanctioned Williams $3,000 under CR 11 for bringing a frivolous motion and for submitting declarations secured in violation of the prohibition of communicating with a represented party. Engstrom assigns error to the sanction.

¶28 A pleading, motion, or legal memorandum may be subject to CR 11 sanctions against an attorney if it is both (1) baseless and (2) signed without reasonable inquiry. *Hicks v. Edwards*, 75 Wn. App. 156, 163, 876 P.2d 953 (1994), *review denied*, 125 Wn.2d 1015 (1995). A filing is "baseless" if not well grounded in fact, or not warranted by existing law or a good faith argument for the alteration of

existing law. *Hicks*, 75 Wn. App. at 163. The imposition of sanctions is reviewed for abuse of discretion. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 338, 858 P.2d 1054 (1993).

¶29 "Only an aggrieved party may seek review by the appellate court." RAP 3.1. An attorney sanctioned by a court may appeal the sanctions on his own behalf, but his client is not aggrieved by the sanctions and may not appeal them. *Breda v. B.P.O. Elks Lake City 1800 SO-620*, 120 Wn. App. 351, 353, 90 P.3d 1079 (2004). Because Williams has not separately appealed, the issue is not properly before us. Even if it were, we would find no abuse of discretion. Before our decision in *Russell*, it was not unwarranted to argue that the law requires an attorney to obtain the client's express authority to request a trial de novo under MAR 7.1(a). But as discussed above, the motion Williams filed was not well grounded in fact. He had no admissible evidence that the request was unauthorized by Hardesten.

## ATTORNEY FEES ON APPEAL

¶30 Hardesten requests attorney fees on appeal under CR 11. She argues that Engstrom has perpetuated the violation of RPC 4.2 by relying on the e-mail Hardesten sent to Williams and that by seeking relief in this court, Engstrom has delayed resolution of the underlying case. We find no basis for imposing sanctions on appeal. The request is denied.

¶31 Affirmed.

GROSSE and SCHINDLER, JJ., concur.

Reconsideration denied April 6, 2012.

Review denied at 175 Wn.2d 1004 (2012).