# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| WILL KNEDLIK, | ) | No. 71790-1-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| SNOHOMISH COUNTY, | ) | UNPUBLISHED |
| | ) | |
| Respondent. | ) | FILED: March 9, 2015 |
| | ) | |

Cox, J. – Under our state constitution, elected officials may be recalled by "legal voters of the state, or of the political subdivision of the state, from which [the official] was elected."[1]  In this case, Will Knedlik, a King County voter, petitioned to recall the executive of Snohomish County.  Because Knedlik is not a Snohomish County voter, he could not initiate a recall petition for the county executive.  Knedlik also failed to comply with the procedural requirements for filing a "citizen's action" under RCW 42.17A.765.  Thus, the trial court properly dismissed both of Knedlik's claims.  We affirm.

Knedlik, a King County resident, sued Snohomish County on two causes of action.  Both of Knedlik's claims related to Snohomish County's former executive, Aaron Reardon.  In his first cause of action, Knedlik sought to compel the County to accept his petition to recall Reardon.  Knedlik also brought a

---

[1] CONST. art. I, § 33.

"citizen's action" under RCW 42.17A.765 to compel the County to re-ballot the election for the Snohomish County executive.

Knedlik's lawsuit listed several interested parties. It listed Snohomish County's auditor and county council, a candidate for Snohomish County executive who had lost to Reardon, the Public Disclosure Commission, and the Central Puget Sound Regional Transit Authority (Sound Transit).

The County moved to dismiss under CR 12(b)(6). After a hearing, the trial court granted the motion, dismissing both of Knedlik's claims without prejudice.

Knedlik appeals. The County jointly responded to the appeal with interested parties Reardon and the Snohomish County auditor.

## DISMISSAL OF CLAIMS

Knedlik argues that the court erred when it dismissed his claims under CR 12(b)(6). We disagree.

Under CR 12(b)(6), the court may dismiss claims for "failure to state a claim upon which relief can be granted." Courts grant motions to dismiss "'only in the unusual case in which plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'"[2]

We review de novo a trial court's ruling to dismiss a claim under CR 12(b)(6).[3]

---

[2]Kinney v. Cook, 159 Wn.2d 837, 842, 154 P.3d 206 (2007) (internal quotation marks omitted) (quoting Hoffer v. State, 110 Wn.2d 415, 420, 755 P.2d 781 (1988), reconsidered in part, 113 Wn.2d 148 (1989)).

[3] Id.

*Recall Petition*

Knedlik first argues that the trial court erred by dismissing his claim to petition for the recall of the Snohomish County Executive. We disagree.

This court reviews de novo a trial court's decision on a recall petition.[4] We "ascertain whether a recall petition meets the threshold standards necessary to proceed to the signature gathering phase of the recall process."[5]

Under our state constitution, voters may recall elected officials. Article I, section 33 provides that "[e]very elective public officer in the state of Washington expect [sic] judges of courts of record is subject to recall and discharge by the legal voters of the state, or of the political subdivision of the state, from which he was elected . . . ."

Counties are political subdivisions of the state.[6]

The constitution charges the legislature to "pass the necessary laws to carry out" the recall provision.[7] The legislature has done so, and RCW 29A.56.110-140 govern the recall process.

RCW 29A.56.110 states that "any legal voter of the state or of any political subdivision thereof" may initiate recall proceedings. The supreme court has

---

[4] In re Recall of Pearsall-Stipek, 141 Wn.2d 756, 764, 10 P.3d 1034 (2000).

[5] Id.

[6] Our Lady of Lourdes Hosp. v. Franklin County, 120 Wn.2d 439, 456, 842 P.2d 956 (1993).

[7] CONST. art I, § 34.

noted that this language allows members of an "officer's constituency" to initiate proceedings.[8]

This interpretation conforms with the constitution's language. The constitution provides that "the legal voters of the state, or of the political subdivision of the state, *from which he was elected*" may recall an official.[9] Under the plain meaning of these words, only voters from an official's constituency may recall the official. Thus, an official from a political subdivision of the state may be recalled only by voters from that political subdivision.

Here, Knedlik admits that he is King County voter. There is nothing to show that he is a legal voter of Snohomish County.

As just discussed, under the constitution and RCW 29A.56.110, only a Snohomish County voter may petition for the recall of a Snohomish County official. Thus, Knedlik may not petition for the recall of the Snohomish County official. Accordingly, the trial court properly dismissed Knedlik's claim under CR 12(b)(6).

Knedlik appears to argue that he may petition to recall Reardon because Reardon served on Sound Transit's board as part of his work as county executive. Knedlik argues that he lives within Sound Transit's taxing district, and thus may recall Reardon. But Knedlik does not cite any authority indicating that this is sufficient to establish that he has standing to bring a recall petition. And

---

[8] Teaford v. Howard, 104 Wn.2d 580, 583, 707 P.2d 1327 (1985).

[9] CONST. art I, § 33 (emphasis added).

the fact remains that Knedlik is not a member of the constituency that elected Reardon. Thus, this argument is not persuasive.

*Citizen's Action*

Knedlik next argues that the court improperly dismissed his citizen's action. We again disagree.

Under our state election laws, a person may bring a "citizen's action" to enforce certain campaign laws.[10] But the person must follow a certain procedure.[11] Under RCW 42.17A.765, the citizen must first notify in writing both the state attorney general and the local prosecuting attorney "that there is reason to believe that some provision of [the Campaign Disclosure and Contribution Act] is being or has been violated."[12] If the attorney general and the prosecuting attorney fail to commence an action with 45 days, then the person may bring a citizen's action after providing a second notice.[13]

Here, Knedlik failed to provide sufficient notice to the attorney general and the Snohomish County prosecutor. As just explained, Knedlik had to inform the attorney general that there was reason to believe that Reardon had violated a provision of the Campaign Disclosure and Contribution Act. But Knedlik provided only general allegations.

---

[10] RCW 42.17A.765(4).

[11] Id.

[12] Id.

[13] RCW 42.17A.765(4)(a)(i)-(iii).

5

His notices stated that re-balloting the election for county executive was necessary for two reasons:

> (1) extremely egregious and enormously extensive misuse of government assets paid for with taxpayer dollars by a nominal victor, Aaron Reardon, through his misfeasance in public office (as well as by one-or-more other government-funded employees or agents), and (2) gross abuse of local, regional and state taxpayers (including the undersigned . . .), *inter alia*.[14]

These allegations are general and fail to state how Reardon allegedly violated campaign law. Accordingly, the allegations do not allow the attorney general and prosecutor to investigate the claims to determine if they are true.

RCW 42.17A.765 requires that the attorney general and local prosecutor first receive the opportunity to bring an action.[15] But the notice provision loses its force if general allegations are sufficient notice. Whenever the attorney general received a broad allegation, it would be forced to investigate every possible violation of election law or risk ceding its priority to a citizen's action.

Accordingly, Knedlik did not provide specific enough notice to the attorney general and prosecutor. Thus, he did not comply with RCW 42.17A.765. The court properly dismissed his citizen's action under CR 12(b)(6).

Knedlik's letters did tell the attorney general and county prosecutor to "feel free to" contact him if "additional information would be helpful."[16] But Knedlik was required to supply "reason to believe" that Reardon had violated "some provision

---

[14] Clerk's Papers at 12.

[15] RCW 42.17A.765(4)

[16] Clerk's Papers at 12.

of [chapter RCW 42.17A]."[17] Merely offering to provide further information does not fulfill the plain language of this requirement. Additionally, nothing in the record establishes that Knedlik ever supplied further information before filing his action.

Knedlik appears to argue that he was not required to provide adequate notice because the attorney general and the local prosecutor already knew about Reardon's alleged violations. The statute contains no such exception. For the reasons already discussed, the statute's procedural requirements were not met. Thus, this argument is unpersuasive.

## MOTION TO STRIKE

The County moved to strike an appendix to Knedlik's opening brief. Though we did not consider the appendix, we deny the motion.

The appendix contains a newspaper article that was not before the trial court and is not in the record on appeal. But "a motion to strike is typically not necessary to point out evidence and issues a litigant believes this court should not consider."[18] This principle applies here. Accordingly, we do not address this matter any further.

---

[17] RCW 42.17A.765(4).

[18] Engstrom v. Goodman, 166 Wn. App. 905, 909 n.2, 271 P.3d 959, review denied, 175 Wn.2d 1004, 285 P.3d 884 (2012).

We affirm the trial court's order dismissing Knedlik's claims.

_____ COX, J.

WE CONCUR:

_____