# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| NATHAN SCOTT JOHNSON, | No. 50561-4-II |
| Appellant, | |
| v. | |
| CITY OF TACOMA, DEPARTMENT OF TACOMA PUBLIC UTILITIES, TACOMA RAIL, a municipal corporation, | UNPUBLISHED OPINION |
| Respondents. | |

SUTTON, J. — Nathan Scott Johnson appeals the trial court's order imposing CR 11 sanctions against his attorneys arising from a lawsuit Johnson had filed against the City of Tacoma. Johnson argues that the trial court failed to enter findings of fact supporting the order granting CR 11 sanctions against his attorneys, and thus, the court abused its discretion in ordering CR 11 sanctions.[1] We agree that the trial court failed to enter findings of fact to support its order granting CR 11 sanctions. Because the trial court failed to enter findings of fact to support its order, we are unable to objectively evaluate whether CR 11 sanctions are appropriate. Because there is no evidence or findings of fact to support the entry of CR 11 sanctions against Johnson's attorneys,

---

[1] Preliminarily, we note that Johnson's brief fails to cite to any portion of the Clerks Papers throughout his entire brief, and thus, the brief does not comply with RAP 10.3(a)(6). RAP 10.3(a)(6) requires that a party cite to the record and include a citation for each factual statement. However, despite this deficiency in Johnson's brief, we exercise our discretion under RAP 1.2(c) to address the merits of the appeal.

we hold that the trial court's order granting CR 11 sanctions is untenable and constitutes an abuse of discretion. We reverse and vacate the order granting CR 11 sanctions.

FACTS

I. BACKGROUND

On December 9, 2015, Johnson filed a complaint against the City for negligence under the Federal Employers Liability Act.[2] The lawsuit stemmed from an industrial accident Johnson sustained while working as a switchman for Tacoma Rail. On November 18, 2014, as Johnson attempted to board a moving railcar, he slipped on the sill step of a railcar and lost his leg in the accident.[3] The parties eventually settled the lawsuit.

In May 2016, Johnson's expert, Alan Riesinger, conducted an investigation to inspect the railcar allegedly involved in the accident. The City hired Brian Heikkila as its expert to inspect the railcar at the same time as Riesinger. Riesinger claimed to have measured the railcar's sill step at that time and opined that the sill step was recessed six inches from the outside of the railcar. Heikkila did not measure the sill step at that time.

In October 2016, Johnson's other expert witness, George Gavalla, a former Federal Railroad Administration Safety Project Coordinator, reviewed Riesinger's observations, measurements, and opinions regarding the positioning of the sill step on the railcar at the time of the accident. Gavalla opined that there were a number of specific defects in the equipment that

---

[2] Title 45 U.S.C. § 51.

[3] Sill steps are used along the outside of railcars for entering the car where a platform is absent.

caused or contributed to Johnson's injuries at the time of the accident. One of the defects was the recessed inset of the sill step.

Johnson's attorneys asked the City to stipulate to allow Johnson to amend the complaint, but the City would not agree. Based on new facts, depositions, and Gavala's opinion, Johnson filed a motion for leave to amend his complaint to add a claim that the recessed sill step violated the Federal Safety Appliance Act (FSAA).[4] The City filed its opposition to the motion, arguing that the motion was filed five days before the discovery cutoff and less than two months before the trial date. The trial court granted Johnson's motion to amend his complaint and adjusted the trial date to allow for additional discovery related to the new claim. Johnson then filed an amended complaint alleging that the sill step of the railcar was defective which he alleged constituted a per se violation of the FSAA.

In December 2016, the parties unsuccessfully mediated the case. At the mediation, the City showed Johnson a version of his photograph of the sill step that contained graphics. The City contended that the photograph with the graphics refuted Reisinger's sill step measurement and showed that the sill step complied with, not violated, the FSAA. On the same day as the mediation, Johnson served and filed a motion for partial summary judgment on his FSAA claim, arguing that the recessed sill step constituted a per se violation of the FSAA.

On January 3, 2017, to prepare for argument on the motion for partial summary judgment, both parties flew their experts to Kansas to measure the sill step on the railcar involved in the

---

[4] Johnson's motion cited the depositions of Johnson, Alan Hardy, Judd Bruton and Dale King.

accident.[5]  Both experts concluded that the earlier May 3, 2016, measurements taken by Riesinger were not accurate, and both experts also opined that the sill step complied with, not violated, the FSAA.  Consequently, on January 4, the City requested that Johnson strike his motion for partial summary judgment and strike his FSAA claim related to the sill step from the amended complaint. Three days later, Johnson struck the motion for partial summary judgment including his FSAA claim related to the sill step.

On January 4, the City first notified Johnson that it planned to file a motion for partial summary judgment to dismiss all of the FSAA claims and that it might file a motion requesting CR 11 sanctions based on his claim that the sill step violated the FSAA.  The City then filed a motion for partial summary judgment on all of the FSAA claims and also filed a motion for CR 11 sanctions against Johnson's attorneys.  The City alleged that Johnson's attorneys violated CR 11 by filing a motion to amend the complaint and then amending the complaint without conducting a reasonable inquiry because the recessed sill step complied with, not violated, the FSAA.  Further, the City argued that Johnson's attorneys' motion for partial summary judgment based on its claim that the sill step was defective constituted an improper pleading because Johnson's attorneys knew that this claim was baseless.  That said, the City did not point to any evidence that Johnson's attorneys knew Riesinger's initial measurements were inaccurate until after the mediation when both parties' experts measured and confirmed that the sill step complied with the FSAA.

---

[5] Because the railcar involved was now located in Kansas City and it was a holiday weekend, the costs of flying the experts to this location were higher than normal.

## II. MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND CR 11 SANCTIONS

On February 17, 2017, the trial court heard arguments on the City's motions for partial summary judgment and for CR 11 sanctions against Johnson's attorneys. At the hearing, the trial court asked for clarification about whether the City's motion for partial summary judgment related to all of Johnson's FSAA claims or only to the sill step claim. The City clarified stating, "Your Honor, I want to be clear that our motion for partial summary judgment is to dismiss the entire [FSAA] claim. It is not to dismiss measurements only, but the entire claim." Verbatim Report of Proceedings (VRP) (Feb. 17, 2017) at 11. The trial court ultimately granted the City's motion for partial summary judgment and dismissed all of Johnson's FSAA claims, ruling:

> I reviewed the pleadings in this case, to include the deposition taken of Plaintiff's expert, to include the cases cited by Plaintiff's counsel. This is a partial summary judgment motion, and that's what I'm going to address first. So looking at the facts in the light most favorable to the non-moving party, I find that there are no facts in dispute and, therefore, I am granting the partial summary judgment as brought by the defendant in this case.

VRP (Feb. 17, 2017) at 16.

The trial court then heard argument on the City's motion for CR 11 sanctions against Johnson's attorneys. Johnson's attorneys argued that they filed a motion to amend the complaint and then amended the complaint after the court granted them permission. They also argued that they filed a motion for partial summary judgment on the sill step claim in good faith after conducting a reasonable inquiry, and after properly relying on the sill step measurements taken earlier by Reisinger. When filing his motion, Johnson relied on Riesinger's measurements of the still step because it was his job to measure sill steps to determine if they complied with federal safety standards for railcars.

The City argued that when Johnson initially filed his motion for partial summary judgment, his only claim alleged that the sill step did not comply with the FSAA. Further, the City claimed that Johnson's attorneys ignored physical evidence that indicated that the sill step was appropriately recessed and therefore, it actually complied with, not violated, the FSAA. Lastly, the City argued that even if Johnson's attorneys did not agree with the photograph of the sill step overlaid with graphics which was shown to them at mediation, it was inconceivable that Johnson's attorneys could believe that there was a genuine issue of material fact that would preclude summary judgment on the sill step claim. The trial court agreed with the City and imposed CR 11 sanctions against Johnson's attorneys, ruling that

> [a]s I've indicated, I've read the pleadings and Plaintiff was put on notice regarding the sill step being within the four to six inches early on in regards to their claim in this case.
>
> There appears to have been, based on the pleadings, communications made between the defense and Plaintiffs regarding striking that claim after information came about regarding this sill step and there not being any facts in dispute -- I know Plaintiff's counsel disagrees with that statement, but there were no facts in dispute in regards to the dimensions in question here.
>
> Plaintiff's counsel failed to address that issue which warranted the defense to take actions that incurred a substantial amount of fees -- and substantial is relative, but fees in order to respond to Plaintiff's claim. I am finding that good faith isn't shown by Plaintiff's counsel on this issue. CR 11 sanctions do, in fact, seem appropriate and will be ordered.

VRP (Feb. 17, 2017) at 23. The trial court's written order granting the City's motion for partial summary judgement and for CR 11 sanctions delineates what evidence it relied on and ruled,

> This court additionally GRANTS Defendants' request for CR 11 Sanctions and awards Defendants $25,518.91 in costs and fees.

Clerk's Papers (CP) at 291. The sanction amount included the City's expert witness fees and the attorney fees related to the City's work done to respond to Johnson's motion for leave to amend

and his motion for partial summary judgment. Johnson's attorneys asked to be heard on the amount of the sanctions, but the trial court stated that they would need to file a motion to reconsider. The trial court's CR 11 order does not contain any findings of fact supporting the CR 11 order. Johnson appeals the trial court's order granting CR 11 sanctions against his attorneys.

## ANALYSIS

### I. CR 11 SANCTIONS

#### A. LEGAL PRINCIPLES

Johnson argues that because the trial court failed to enter findings of facts supporting the order imposing CR 11 sanctions, the trial court abused its discretion by sanctioning his attorneys under CR 11. We agree.

We review a trial court's CR 11 sanctions order for an abuse of discretion. *Engstrom v. Goodman*, 166 Wn. App. 905, 917, 271 P.3d 959 (2012) (citing *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 338, 858 P.2d 1054 (1993)). "A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds." *Fisons,* 122 Wn.2d at 339.

"The purpose of [CR 11] is to deter baseless filings and curb abuses of the judicial system." *Skimming v. Boxer*, 119 Wn. App. 748, 754, 82 P.3d 707 (2004) (citing *Biggs v. Vail*, 124 Wn.2d 193, 197, 876 P.2d 448 (1994)). Washington courts have consistently held that a baseless filing is one that is not well grounded in fact, or not warranted by existing law, or is not a good faith argument for altering existing law. *MacDonald v. Korum Ford*, 80 Wn. App. 877, 883-84, 912 P.2d 1052 (1996).

CR 11 requires an attorney to sign all pleadings, certifying that the attorney has read the pleadings, and that to the best of the attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the pleadings meet the following requirements: "(1) it is well grounded in fact; (2) it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief." CR 11(a).

> CR 11 further provides that
>
> [i]f a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee.

CR 11(a).

In deciding whether to impose CR 11 sanctions, a trial court should evaluate an attorney's prefiling investigation by inquiring into what was reasonable for the attorney to have believed at the time that he filed the pleading. *Manteufel v. Safeco Ins. Co. of Am.,* 117 Wn. App. 168, 176, 68 P.3d 1093 (2003). "A trial court may not impose CR 11 sanctions for a baseless filing 'unless it also finds that the attorney who signed and filed the [pleading, motion or legal memorandum] failed to conduct a *reasonable inquiry* into the factual and legal basis of the claims.'" *MacDonald,* 80 Wn. App. at 884 (alteration in original) (quoting *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210,

220, 829 P.2d 1099 (1992)). "[T]he court must make explicit findings as to which pleadings violated CR 11 and as to how such pleadings constituted a violation of CR 11. The [trial] court must specify the sanctionable conduct in its order." *N. Coast Elec. Co. v. Selig,* 136 Wn. App. 636, 649, 151 P.3d 211 (2007).

Further, "[w]ithout relevant findings" as to an attorney's prefiling inquiry, "there can be no objective evaluation of the reasonableness of the attorney's prefiling conduct." *Doe v. Spokane and Inland Empire Blood Bank*, 55 Wn. App. 106, 111-112, 780 P.2d 853 (1989). In *Doe*, Division One of this court declined to speculate on an attorney's pre-filing conduct when the record was silent on the matter. *Doe,* 55 Wn. App. at 111-112. However, other courts have held that, although the findings need not be written, the trial court must orally detail its reasoning and specifically incorporate those findings in an order. *See Johnson v. Mermis,* 91 Wn. App. 127, 136, 955 P.2d 826 (1998). Here, the issue is whether the trial court's oral ruling is sufficient for our court to determine the basis for the trial court's CR 11 order without any accompanying written findings of fact.

## B. INSUFFICIENT FINDINGS OF FACT

In awarding CR 11 sanctions against Johnson's attorneys, the trial court explained that Johnson's attorneys did not conduct a reasonable inquiry once the City informed them at the mediation in December of 2016 that Riesinger's measurements were incorrect. Thus, there were no genuine issues of material fact requiring that Johnson's attorneys strike the motion for partial summary judgment based on its claim that the sill step was defective.

Here, the record is unclear as to exactly what conduct or which filings the trial court found to be sanctionable under CR 11.

In its oral ruling, the trial court stated,

> I've read the pleadings and Plaintiff was put on notice regarding the sill step being within the four to six inches early on in regards to their claim in this case.
>
> There appears to have been, based on the pleadings, communications made between the defense and Plaintiffs regarding striking that claim after information came about regarding this sill step and there not being any facts in dispute -- I know Plaintiff's counsel disagrees with that statement, but there were no facts in dispute in regards to the dimensions in question here.
>
> Plaintiff's counsel failed to address that issue which warranted the defense to take actions that incurred a substantial amount of fees -- and substantial is relative, but fees in order to respond to Plaintiff's claim. I am finding that good faith isn't shown by Plaintiff's counsel on this issue. CR 11 sanctions do, in fact, seem appropriate and will be ordered.

VRP (Feb. 17, 2017) at 23. It is unclear if these statements by the trial court were made in reference to Johnson's motion for leave to amend, the amended complaint, the motion for partial summary judgment, or the fact that Johnson did not immediately strike the motion for partial summary judgment when new facts revealed a potential error in Riesinger's sill step measurements.

It is undisputed that it was not until January of 2017 that both parties' experts confirmed that Riesinger's earlier May 3, 2016, measurements of the sill step were not accurate. Both parties' experts agreed that their measurements of the sill step in January confirmed that the sill step complied with, not violated, the FSAA. Consequently, on January 4, the City requested that Johnson strike his motion for partial summary judgment and strike his claim that the sill step was defective from the amended complaint. Three days later, Johnson struck the motion for partial summary judgment

The trial court did not specifically incorporate any oral findings into its CR 11 sanctions order. The City argues that Johnson's attorneys knew in May of 2016 that Riesinger's sill step measurements were not accurate and that the sill step complied with the FSAA. During oral

10

argument before this court, we clarified whether the City had any evidence in the record to support its claim that Johnson's attorneys knew in May of 2016 that Riesinger's sill step measurements were not accurate and that the sill step complied with the FSAA.[6]  After confirming that there is no evidence to support this claim by the City, we note that it is unclear from the record whether the trial court agreed with the City's assertion.

Further, there are no explicit findings of fact as to what Johnson's attorneys did to investigate the accident prior to filing the complaint, the amended complaint, or prior to filing the motion for partial summary judgment on the sill step claim.  "A trial court may not impose CR 11 sanctions for a baseless filing 'unless it also finds that the attorney who signed and filed the [pleading, motion or legal memorandum] failed to conduct a *reasonable inquiry* into the factual and legal basis of the claims.'"  *MacDonald,* 80 Wn. App. at 884 (alternation in original) (quoting *Bryant,* 119 Wn.2d at 220).

Here, the trial court was required to make explicit findings as to which pleadings violated CR 11 and as to how such pleadings constituted a violation of CR 11, and the trial court was required to specify the sanctionable conduct in its order.  *See N. Coast Elec. Co.* 136 Wn. App. at 649.  Because the record is devoid of any findings of fact regarding Johnson's attorneys' prefiling inquiry, we cannot objectively evaluate whether the prefiling inquiries by Johnson's attorneys constitute a reasonable inquiry under CR 11.  *See Doe,* 55 Wn. App. at 111-112.  Because there is no evidence or findings of fact to support the entry of CR 11 sanctions against Johnson's attorneys, we conclude that the trial court's order granting CR 11 sanctions is untenable and thus, the order

---

[6] Wash. Court of Appeals oral argument, *Johnson v. City of Tacoma*, No. 50561-4-II (May 14, 2018), at 11 min., 39 sec. (on file with court).

No. 50561-4-II

constitutes an abuse of discretion. We reverse and vacate the trial court's order granting CR 11 sanctions. We do not remand.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

BJORGEN, P.J.

PENOYAR, J.P.T.