# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF FRANK WARREN: SCHNARRS & CHERI LYNN SCHNARRS, TOGETHER AS HUSBAND AND WIFE TO REGISTER TITLE TO LAND HEREINAFTER DESCRIBED, | No. 51392-7-II |
| Appellants, | |
| v. | PUBLISHED OPINION |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST, ITS SUCCESSORS AND/OR ASSIGNS; JOHN DOE; JANE DOE; ALL OTHER PERSONS OR PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE, ESTATE, LIEN OR INTEREST INTO, OR UPON THE REAL PROPERTY DESCRIBED HEREIN, | |
| Respondents. | |

GLASGOW, J. — Frank and Cheri Schnarrs owned real property in Olympia, Washington. They borrowed money using the property as collateral and later defaulted on the loan. The trustee instituted a nonjudicial foreclosure and sold the property at auction to Wilmington Savings Fund

No. 51392-7-II

Society as trustee for Pretium Mortgage Acquisition Trust. Wilmington recorded the trustee's deed.

Months later, the Schnarrses filed a petition under the Torrens Act, chapter 65.12 RCW, seeking to register under that statute as owners of the property. The superior court dismissed the Schnarrses' petition with prejudice in part because the Torrens Act requires petitioners to be owners of the property and the Schnarrses no longer owned the property when they filed the petition. The Schnarrses appeal. We affirm.

FACTS

The legislature enacted the Torrens Act in 1907 as an alternative to Washington's recording statute. LAWS OF 1907, ch. 250. The adoption of the Torrens Act created an independent system of recording land titles separate from the recording act. *McMullen & Co. v. Croft*, 96 Wash. 275, 276, 164 P. 930 (1917). Under the Torrens Act, proper registration with the office of the registrar of titles provides conclusive evidence that the person recorded on the register is the owner of the registered property. *See* RCW 65.12.480. But the Torrens Act registration system has apparently fallen into disuse as a result of modern title recording systems, including the use of title companies and private electronic registration systems such as the Mortgage Electronic Registration System, Inc. *See, e.g.*, *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 88, 285 P.3d 34 (2012).

The Schnarrses borrowed $187,500 against their property in Olympia. Years later, they defaulted on their loan. The trustee, Clear Recon Corp provided them with a notice of default, which the Schnarrses failed to cure. The trustee then provided the Schnarrses with notice of nonjudicial foreclosure. It also executed and recorded a notice of trustee's sale in the county auditor's office. The Schnarrses again took no action to cure the default. Clear Recon Corp sold

the property at public auction to Wilmington Savings Fund Society, not individually but as trustee for Pretium Mortgage Acquisition Trust. Wilmington then recorded its trustee's deed.

Four months after Wilmington recorded its deed, Micah James Anderson, on behalf of the Schnarrses, signed and filed in superior court a Torrens Act petition and application seeking to register the Schnarrses' title to the land under the Act. Anderson signed the Torrens petition and other documents, but Anderson is not an attorney. Anderson and the Schnarrses then attempted to bring a series of default motions, all of which were ultimately denied for various reasons, most importantly because the pleadings had not been signed by a party or a licensed attorney.

Frank Schnarrs eventually signed and filed an amended Torrens Act petition and application for registration of land titles almost eight months after Wilmington had recorded its trustee's deed. This amended petition is the one at issue in this appeal. The amended petition named Cheri Schnarrs as a party and applicant.

Wilmington filed a CR 12(b)(6) motion to dismiss with prejudice. Wilmington also requested that the superior court take judicial notice of the promissory note, the deed of trust, the trustee's deed, and the order granting Wilmington's motion to dismiss the Schnarrses' complaint in a separate case. Wilmington also asked for attorney fees.

The court took judicial notice of the documents Wilmington submitted and granted Wilmington's motion to dismiss with prejudice, but denied Wilmington's request for attorney fees. The court concluded that the foreclosure action precluded the Schnarrses' claim. The court clarified that it was dismissing the case under CR 12(b)(6), but its ruling would be the same if it had converted the motion to dismiss to a motion for summary judgment.

No. 51392-7-II

On January 22, 2018, Frank Schnarrs filed a notice of appeal, but Cheri Schnarrs was not mentioned in the notice. Frank Schnarrs passed away while the appeal was pending. Cheri Schnarrs filed a motion for substitution of parties under RAP 3.2, requesting that she be substituted for her husband in the appeal. Wilmington opposes this motion.

ANALYSIS

I. SUBSTITUTION

Cheri Schnarrs filed a motion to substitute her as a party to this appeal, alleging that she was a party to the lawsuit below, she is the successor in interest of Frank Schnarrs, and she desires to move forward with the appeal. RAP 3.2(a) requires substitution of parties on appeal "when it appears that a party is deceased." *See also, State v. Webb*, 167 Wn.2d 470, 478, 219 P.3d 695 (2009). Cheri Schnarrs submitted a declaration explaining that she and her husband owned the property at issue as community property and with right of survivorship. This declaration is sufficient to warrant the substitution of Cheri Schnarrs as a successor in interest. In addition, RAP 5.3(i) allows this court to grant relief to a party who has not appealed if "demanded by the necessities of the case." Therefore, we grant the motion and address the merits of this appeal.[1]

---

[1] Wilmington moves to strike various portions of the materials submitted in support of the motion for substitution. "[A] motion to strike is typically not necessary to point out evidence and issues a litigant believes this court should not consider." *See Engstrom v. Goodman*, 166 Wn. App. 905, 909 n.2, 271 P.3d 959 (2012). Argument in the brief is the appropriate vehicle for pointing out reliance on allegedly improper materials. *Id.* We have considered Wilmington's arguments and we deny the motions to strike. *See id.*

4

## II. DISMISSAL UNDER CR 12(b)(6)

The Schnarrses argue the superior court should not have dismissed their Torrens Act petition even though they no longer owned the property. Because the superior court could not grant them relief under the Torrens Act, we disagree.

We review CR 12(b)(6) dismissals de novo. *Trujillo v. Nw. Tr. Servs., Inc.*, 183 Wn.2d 820, 830, 355 P.3d 1100 (2015). We also review issues of statutory interpretation de novo. *Beal Bank, SSB v. Sarich*, 161 Wn.2d 544, 547, 167 P.3d 555 (2007).

A.   Judicial Notice

The Schnarrses first argue that the superior court improperly took judicial notice of documents attached to Wilmington's motion to dismiss.

"The scope of a given appeal is determined by the notice of appeal, the assignments of error, and the substantive argumentation of the parties." *Clark County v. W. Wash. Growth Mgmt. Hr'gs Review Bd.*, 177 Wn.2d 136, 144, 298 P.3d 704 (2013). The order attached to the Schnarrses' notice of appeal does not include the superior court's ruling on judicial notice, nor did the Schnarrses assign error to the court's judicial notice of the relevant documents. *See* Clerk's Papers (CP) at 463-64 (notice of appeal and attached order); Br. of Appellant at 7-9 (assignments of error). Moreover, the Schnarrses do not argue that the ruling on judicial notice "prejudicially affect[ed] the decision designated in the notice." RAP 2.4(b). As a result, we do not consider the Schnarrses' challenge to the trial court's decision to take judicial notice of documents in this case.

B.      Application of the Torrens Act

The Schnarrses argue that the superior court erred when it dismissed their amended Torrens petition, even though they no longer owned the property when they filed the amended petition. We disagree.

RCW 65.12.005 provides: "The *owner* of any estate or interest in land, whether legal or equitable, . . . may apply . . . to have the title of said land registered." (Emphasis added.) The legislature also declared that "[t]his act shall be construed liberally, so far as may be necessary for the purpose of carrying out its general intent, which is, that *any owner of land may register his title and bring his land under the provisions of this act*, but no one is required so to do." RCW 65.12.005 Official Notes: Construction—LAWS OF 1907, ch. 250, § 97 (emphasis added). The Torrens Act does not define the term "owner."

"The court's fundamental objective is to ascertain and carry out the Legislature's intent, and if the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). "When a term has a well-accepted, ordinary meaning, a regular dictionary may be consulted to ascertain the term's definition." *Tingey v. Haisch*, 159 Wn.2d 652, 658, 152 P.3d 1020 (2007). The term "owner" is defined as "one that has the legal or rightful title whether the possessor or not." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1612 (2002).

Wilmington acquired "the legal or rightful title" to the property upon the trustee's sale and then recorded the deed. CP at 342-44. Frank Schnarrs filed his claims under the Torrens Act four months after Wilmington recorded its trustee's deed. Because the Schnarrses no longer owned the

6

property, they did not have any recourse under the Torrens Act. *See* RCW 65.12.005; Laws of 1907, ch. 250, § 97.

The Schnarrses argue that they were still owners of the property when they filed their Torrens Act petition because they still lived in the home and they had declared it their homestead. But the homestead exemption that they rely on is not available "against an execution or forced sale in satisfaction of judgments obtained . . . [o]n debts secured (a) by security agreements describing as collateral the property that is claimed as a homestead or (b) by mortgages or deeds of trust on the premises that have been executed and acknowledged by both spouses." RCW 6.13.080(2);[2] *see also Washington Fed. v. Harvey*, 182 Wn.2d 335, 337 n.1, 340 P.3d 846 (2015) (nonjudicial foreclosure provides a trade-off in which a borrower surrenders his or her rights to redemption, upset price and homestead in exchange for protection from deficiency judgments); *In re Upton*, 102 Wn. App. 220, 222-26, 6 P.3d 1231 (2000). The homestead exemption did not apply to allow the Schnarrses to validly claim ownership of the property when they filed their petition.

We conclude that the trial court correctly dismissed the Schnarrses' petition under the Torrens Act. We do not address any additional arguments raised by either party because our analysis and application of the plain language of the Torrens Act is dispositive.

---

[2] The legislature amended RCW 6.13.080 in 2018 and 2019. Because the relevant language has not changed, we cite to the current version of this statute.

### III. ATTORNEY FEES ON APPEAL

Wilmington requests reasonable attorney fees and costs under RAP 18.1 and cites contractual provisions included in the promissory note and deed of trust. We decline to award Wilmington attorney fees and costs.

Under RAP 18.1, a party can recover reasonable attorney fees or expenses if applicable law grants the party that right and the party devotes a section of its opening brief to request fees or expenses. RAP 18.1(a), (b). Although the deed of trust and the promissory note provided for the lender and the note holder to be able to recover attorney fees, neither provision applies because this action stems from the Schnarrses' pursuit of remedies under the Torrens Act, not a challenge to terms of the deed of trust or enforcement of the promissory note.

Thus, we decline to award Wilmington attorney fees and costs on appeal.

We affirm.

Glasgow, J.

We concur:

Melnick, P.J.

Sutton, J.