IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| NATHAN RIMMER,<br><br>              Respondent,<br><br>      v.<br><br>CITY OF EDMONDS,<br><br>              Appellant. | No. 87644-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, C.J. — The City of Edmonds appeals from the order of the trial court that granted Nathan Rimmer's motion for partial summary judgment on his cause of action seeking declaratory judgment against the City. We conclude that the court erred in so ruling because, at the time Rimmer sought summary judgment on his declaratory judgment claim, adequate alternatives to declaratory relief were available to him, thereby making a grant of such relief improper. We further conclude, in light of developments in this case following summary judgment, that regardless of any potential outcome on appeal, neither this court nor the trial court can grant meaningful relief to either party. Accordingly, we dismiss this appeal as moot.

FACTS

In 2021, the City of Edmonds passed several ordinances adopting and amending tree-related regulations.[1] The regulations provided, in relevant part, that

---

[1] Edmonds Ordinance 4218 (Mar. 2, 2021); Edmonds Ordinance 4220 (Apr. 13, 2021); Edmonds Ordinance 4227 (July 6, 2021). These ordinances were codified at chapter 23.10 of the Edmonds Community Development Code (ECDC).

if a property owner sought to remove a certain tree from their land, the owner would be required to plant two replacement trees on the land and required to record a notice against the title documenting the existence of the replacement trees.[2]

Around this time, Nathan Rimmer owned a vacant parcel of real estate in Edmonds on which he sought to construct a single-family residence. He submitted an application for a residential building permit from the City, identified a single tree on his property implicated by the tree replacement regulations, and indicated his intent to remove the tree, since it was located in the area where he wished to build. Shortly thereafter, following additional submissions by Rimmer, the City indicated that his application was complete and being processed by the City.

Soon after the status confirmation for the application, a senior planner from the City informed Rimmer that pursuant to the tree replacement regulations, the City was conditioning his permit application's final approval on his planting of two replacement trees on his parcel of land and his recording of a title notice on his property regarding those trees. Between September 2022 and June 2023, Rimmer objected to both conditions. In June, the City stated that his application would expire in July under its regulations.[3]

Thereafter, before the City's designated expiration date, Rimmer filed a pleading in Snohomish County Superior Court setting forth a petition for a writ of mandamus ordering the City to render a final decision on his permit application, a

---

[2] *See* ECDC § 23.10.020(R), .080(A)(2), .080(D)(1), .085.

[3] A declaration submitted by the City's senior planner stated that
[t]he permit application expiration date comes from the International Building Code section 105.3.2 as adopted in ECDC 19.00.025.H.1. ECDC 19.00.025.H.2 allows for an additional 180[-]day extension from the building official, which was granted for this permit application.

petition for a writ of prohibition barring the City from allowing his permit application to expire, and a complaint seeking a determination under the Uniform Declaratory Judgments Act (UDJA)[4] that the City's tree replacement and title notice requirements were unconstitutional and, as a result, the City was liable to him for damages under 42 U.S.C. § 1983.

Rimmer later moved for partial summary judgment. In so doing, he requested that the court issue a determination on his declaratory judgment action and his petition for a writ of mandamus and, if he were to prevail, that the court order the City to approve his permit without the tree replacement and title notice conditions. At the January 2024 hearing on summary judgment, the court granted his motion and, as relief, ruled in his favor on the declaratory judgment action, granted the writ of prohibition, and also issued a writ of mandamus that ordered the City to approve his permit application without the challenged conditions.[5] In April, the City complied with that order and issued a building permit to Rimmer without the challenged conditions. Rimmer did not file a petition under the Land Use Petition Act (LUPA)[6] after the City granted his permit application as it had been directed by the court.

---

[4] Chapter 7.24 RCW.

[5] We note that the writ of mandamus issued by the trial court provided relief other than that specifically sought in Rimmer's petition for that writ or argued for on summary judgment. His petition explicitly sought mandamus relief to "compel[] the City through [its] Senior Planner . . . to render a final decision with respect to his building permit application." But at argument on summary judgment, Rimmer asked the court to issue a "writ of [mandamus] directing the City to carry out its ministerial duty to issue a final decision on Mr. Rimmer's vested application, free of the unconstitutional condition."

The writ of mandamus ultimately issued by the trial court directed that the City *grant* Rimmer's permit without the challenged conditions. The substance of the writ, however, is of no consequence to our holding in this case; it is the *fact of issuance* of a writ that is critical to this decision.

[6] Chapter 36.70C RCW.

Rimmer contends, and the City does not dispute, that he sold the parcel to another party shortly thereafter. The City then issued the permit without the challenged conditions to the purchaser, who ultimately constructed a residence thereon as permitted. In December, the superior court entered its final written order on the parties' motions. The parties then entered an agreed stipulation that the City's approval of the building permit mooted Rimmer's petitions for writs of mandamus and prohibition, the question of whether the City would be liable for damages under 42 U.S.C. § 1983 would follow from the ultimate result of parties' partial summary judgment motions, and any determination of damages under § 1983 "should be held in abeyance pending the final outcome of any appeal of the partial summary judgment ruling." The trial court accepted the parties' stipulation.

In January 2025, the City timely appealed the summary judgment order. Then, in April, the City issued a final certificate of occupancy for the newly constructed residence. And, in October, three months before oral argument was heard in this matter, the City substantially amended its tree-related ordinance, modifying its tree replacement procedures and removing the title notice requirement.[7] Following these developments, the matter now comes before us.

ANALYSIS

Before we consider the merits of the City's appeal, we first must determine whether this appeal is moot. It is well-established that

> "[a] case is moot if a court can no longer provide effective relief." *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984).

---

[7] Edmonds Ordinance 4410 (Oct. 14, 2025).

> The issue of mootness "is directed at the jurisdiction of the court." *Citizens for Financially Responsible Gov't v. City of Spokane*, 99 Wn.2d 339, 350, 662 P.2d 845 (1983). As such, it "may be raised at any time." *Citizens*, 99 Wn.2d at 350.

*Harbor Lands LP v. City of Blaine*, 146 Wn. App. 589, 592, 191 P.3d 1282 (2008). "'The central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.'" *City of Sequim v. Malkasian*, 157 Wn.2d 251, 259, 138 P.3d 943 (2006) (quoting 13A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3533.3, at 261 (2d ed. 1984)). Mootness is a question of law that we review de novo. *Wash. State Commc'n Access Project v. Regal Cinemas, Inc.*, 173 Wn. App. 174, 204, 293 P.3d 413 (2013).

Here, as explained *supra*, several significant developments occurred after the court issued its oral ruling that granted partial summary judgment and ordered the City to issue the building permit without the challenged conditions: the City issued the permit as ordered, Rimmer sold the parcel of land in question, the City issued a permit without the challenged conditions to the new property owner, a residence was constructed on the parcel, and the City issued its certificate allowing for occupation thereof. Furthermore, after the City appealed the trial court's written order but before oral argument in this case, the City elected to amend the ordinance at issue in this appeal to revise certain provisions that were at the center of the parties' dispute: modifying the provisions governing tree replacement and removing the title notice provisions.

Given the foregoing, neither this court nor the trial court can provide the parties with effective relief. First, the trial court cannot grant the City effective relief on remand. The City has already issued the permit without the challenged conditions, a residence has been constructed as permitted, and the City has issued its final occupancy certificate. Nothing remains to be done with regard to the permitting issue. The trial court also cannot grant Rimmer effective relief in further proceedings. The portion of his pleadings setting forth petitions for mandamus and prohibition are now moot because the permit in question has now been issued and the City reached a final decision on the matter.

Furthermore, although relief was available to Rimmer under LUPA at the time that he sought summary judgment on his UDJA action, his failure to file a LUPA petition bars him from obtaining judicial review under LUPA were we to remand this matter for further proceedings. Pursuant to RCW 36.70C.040, "[a] land use petition is barred, and the court may not grant review, unless the petition is timely filed with the court. . . . The petition is timely filed if it is filed . . . within 21 days of the issuance of the land use decision." Our Supreme Court has stated that land use decisions become unreviewable if not appealed to a superior court within LUPA's specified timeline. *See Habitat Watch v. Skagit County*, 155 Wn.2d 397, 407, 120 P.3d 56 (2005). "[E]ven illegal decisions must be challenged in a timely, appropriate manner." *Id.* Here, as mentioned, the City rendered its final land use decision on Rimmer's permit application after the trial court issued its oral summary judgment ruling. Rimmer did not file a petition within 21 days of the issuance of the City's land use decision. Consequently, a LUPA petition is foreclosed by his

failure to timely file a land use petition in response to the City's decision to issue his permit without the challenged conditions.

Additionally, Rimmer's cause of action under 42 U.S.C. § 1983 was predicated on an allegation that the City was liable to him for a constitutional violation. This is significant because he has not pleaded a statutory vehicle through which he may now establish the City's liability under the laws of this state and he is otherwise barred from attempting to do so though judicial review under LUPA.[8] Therefore, even if this court were to remand this matter for further proceedings, the trial court would not be able to grant Rimmer effective relief. Thus, developments in this case on the part of both parties following the court's summary judgment ruling have rendered this matter moot in the trial court as to each of them.[9] The City nevertheless seeks a ruling from this court regarding the constitutionality of the former version of its tree replacement ordinance. However, the parties did not dispute that Rimmer's suit against the City was an as-applied, rather than facial, constitutional challenge to the now-superseded ordinance.[10] Moreover, the City's 2025 amended ordinance had the effect of modifying or deleting the provisions that Rimmer alleged were unconstitutional as applied to

---

[8] *See also Pakdel v. City & County of San Francisco*, 594 U.S. 474, 475 (2021) ("When a plaintiff alleges a regulatory taking in violation of the Fifth Amendment, a federal court should not consider the claim before the government has reached a 'final' decision.").

[9] Rimmer filed a request for an award of attorney fees should he prevail on appeal. However, as determined herein, he is not the prevailing party. Accordingly, we deny his request.

Rimmer also filed a motion to strike a section of City's reply brief on the basis that the City raises an issue for the first time on appeal and that we should not consider the argument therein. A commissioner of this court referred the motion to us for our consideration.

On our review, Rimmer's motion is denied. *See Engstrom v. Goodman*, 166 Wn. App. 905, 909 n.2, 271 P.3d 959 (2012) ("[A] motion to strike is typically not necessary to point out evidence and issues a litigant believes this court should not consider.").

[10] Wash. Ct. of Appeals oral arg., *Rimmer v. City of Edmonds*, No. 87644-9-I (Jan. 7, 2026), at 8 min., 32 sec., *video recording by* TVW, Washington State's Public Affairs Network, https://tvw.org/video/division-1-court-of-appeals-2026011134.

him.[11]  Consequently, any resolution of that question would regard a permit application and a constitutional issue mooted by the City's conduct.  As a result, the City effectively seeks an advisory opinion, rather than one on the merits of an ongoing dispute between the parties.  "[W]e do not give advisory opinions." *Commonwealth Ins. Co. of Am. v. Grays Harbor County,* 120 Wn. App. 232, 245, 84 P.3d 304 (2004).  Therefore, we cannot grant the City meaningful relief and this appeal is moot.

Counsel for the City urged the panel to reach the question of the constitutionality of the former ordinance *as applied to Rimmer*, in part, because "the [§] 1983 claim will . . . live or die based upon the court's ruling in this matter because of the stipulation that was entered below."[12]  However, "parties cannot stipulate to jurisdiction or create limitations on review," *Magee v. Rite Aid*, 167 Wn. App. 60, 75, 277 P.3d 1 (2012), and, regardless of the agreement of the parties or even the trial court, we are not bound by their stipulation on appeal.

Dismissed.

_____

WE CONCUR:

_____, ACJ          _____

---

[11] The amendment significantly modified ECDC § 23.10.080, regarding tree replacement and relevant procedures, and removed entirely ECDC § 23.10.085, regarding title notice requirements.

[12] Wash. Ct. of Appeals oral arg., *supra*, at 20 min., 32 sec.