[No. 65523-0-I.    Division One.    March 5, 2012.]

ROBERT RUSSELL, *Respondent*, v. DEBRA LYNN MAAS,
*Appellant*.

*Marilee C. Erickson* and *Pamela A. Okano* (of *Reed McClure*); and *Michael W. Brown* (of *Lee Smart PS*), for appellant.

*Brian K. Boddy*, for respondent.

¶1 BECKER, J. — Under Mandatory Arbitration Rule 7.1(a), only an "aggrieved party" may appeal an arbitration award through a request for trial de novo. This requirement is satisfied when an attorney files a request for trial de novo on behalf of an aggrieved client.

¶2 The issue presented by this appeal arose when an arbitrator found in favor of Robert Russell, plaintiff in a personal injury suit. Counsel for defendant Debra Maas filed a request for trial de novo.

¶3 Russell's injury occurred when he fell off a ladder while painting Maas's house, in which he and Maas lived together. Russell believed that Maas did not really want to contest the arbitrator's decision. Counsel for Russell tried to get Maas to admit this by taking her deposition. At the deposition, counsel for Maas objected that the questions asked of Maas impinged upon confidential attorney-client communications. He instructed her not to answer such questions. The deposition ended quickly.

¶4 Russell then moved to strike Maas's request for trial de novo. He alleged that it had been filed because Maas's insurer demanded it, not because she wanted it. Maas opposed the motion. Her declaration said she did not object to trial de novo and she felt her attorney was representing her best interests.

¶5 The court scheduled oral argument on the motion and asked that the clients be present in addition to counsel. At the hearing, counsel for Russell argued that the request by Maas for a trial de novo should be struck because she did not personally sign it.

¶6 The trial court decided it was necessary to undertake a factual inquiry to determine what Maas wanted to do. Over her lawyer's objections, Maas was sworn in to testify.

By this time, Maas also had independent counsel who was advising her on coverage issues; this attorney participated by telephone.

¶7 Maas was questioned first by opposing counsel and then by the court.

[Counsel for Russell]: At any time since you learned of the arbitrator's decision in this case has it been your personal desire to have this case appealed and put in front of a jury?

A: I've — on a personal level I've gone back and forth. My own conclusion is I'm not sure that I care. I was hoping a decision would have been made or would have been accepted but it's not and I accept that.

Q: I'm unclear. You accept the arbitrator's decision?

A: I —

Q: Or you accept the de novo request?

A: Both.

. . . .

Q: Well, the question is, did you request a trial de novo? Did you do that? Did you want that?

A: I did not do that. But did I — I don't know how to answer the second question. It was — I did not direct anyone to make that happen.

¶8 The court asked Maas if she had been threatened with loss of insurance coverage:

Is it your concern, Ms. Maas, that if you were to do something else other than where we are today that you would lose your insurance coverage?

MS. MAAS: I don't know and it's a concern that I don't know.

THE COURT: I don't know how else to ask this in a way other than have you been threatened that you might lose your insurance coverage if you were not to proceed?

MS. MAAS: No.

¶9 Unpersuaded that Maas was the individual who made the decision to request a trial de novo, the court

granted Russell's request to strike the request, thus leaving the arbitration award intact. The court awarded Russell attorney fees and costs under MAR 7.3. Maas appeals these rulings.[1]

¶10 Application of court rules to the facts is a question of law reviewed de novo on appeal. *Mee Soon Kim v. Pham*, 95 Wn. App. 439, 441, 975 P.2d 544, *review denied*, 139 Wn.2d 1009 (1999). The Mandatory Arbitration Rules, like any other court rules, are interpreted as though they were drafted by the legislature and are construed consistent with their purpose. *Wiley v. Rehak*, 143 Wn.2d 339, 343, 20 P.3d 404 (2001).

¶11 Under the Mandatory Arbitration Rules, an aggrieved party may request trial de novo:

> Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case.

Former MAR 7.1(a) (2001);[2] *see* RCW 7.06.050.

¶12 A notice for trial de novo filed by a nonaggrieved party is a nullity. *Wiley*, 143 Wn.2d at 347. It is undisputed that Maas was an aggrieved party, while her attorney was not. The question here is whether a request for trial de novo signed only by the aggrieved party's attorney is effective.

¶13 Once a party has designated an attorney to represent the party in regard to a particular matter, the court and the other parties to an action are entitled to rely upon that authority until the client's decision to terminate it has been brought to their attention. *Haller v. Wallis*, 89 Wn.2d 539, 547, 573 P.2d 1302 (1978). Absent fraud, the

---

[1] Russell renews an argument that the appeal is untimely. A commissioner and panel of this court have already resolved this issue against Russell. We do not address it again.

[2] MAR 7.1 was amended on September 1, 2011. Former MAR 7.1 applies here.

actions of an attorney authorized to appear for a client are generally binding on the client. *Haller*, 89 Wn.2d at 545-47; *Rivers v. Wash. State Conference of Mason Contractors*, 145 Wn.2d 674, 679, 41 P.3d 1175 (2002). For example, under MAR 5.4, clients who are represented by counsel at the mandatory arbitration hearing need not attend the hearing personally to preserve their right to request a trial de novo. *Trowbridge v. Walsh*, 51 Wn. App. 727, 730, 755 P.2d 182 (1988).

¶14 An attorney may not, however, surrender a substantial right of a client without special authority granted by the client. *Graves v. P.J. Taggares Co.*, 94 Wn.2d 298, 303, 616 P.2d 1223 (1980). For example, an attorney needs the client's express authority to accept service of process, *Ashcraft v. Powers*, 22 Wash. 440, 443, 61 P. 161 (1900); to settle or compromise a claim, *Grossman v. Will*, 10 Wn. App. 141, 149, 516 P.2d 1063 (1973); and to waive a jury trial, *Graves*, 94 Wn.2d at 305.

¶15 Russell contends that a request for a trial de novo surrenders a substantial right and accordingly falls into the category of actions for which a client's express authority is required. We disagree. Unlike settling a claim, filing an appeal does not terminate a litigant's rights to recovery. By timely requesting a trial de novo, counsel for Maas exercised and preserved his client's right to a jury trial. The right to a jury trial would have been surrendered completely had counsel failed to file. If Maas disagreed with the decision to file the request, she did not lose anything substantial. The opportunity for Maas to withdraw her request for trial de novo remains open to her until trial. *Hudson v. Hapner*, 170 Wn.2d 22, 35, 239 P.3d 579 (2010).

¶16 Russell points out that a trial de novo is a "substantive right" for purposes of RAP 2.2(a)(3),[3] such that a trial court's decision to deny a trial de novo may be appealed as a matter of right rather than as a matter of discretionary

---

[3] RAP 2.2(a) provides:

review. *Faraj v. Chulisie*, 125 Wn. App. 536, 542, 105 P.3d 36 (2004). This authority is not on point as it involves an issue of appellate procedure, whereas the present appeal involves an issue of the authority of counsel.

¶17 An attorney's procedural acts accomplished in the regular conduct of the client's case are ordinarily considered to be the act of the client and binding on the client. This includes signing procedural documents on behalf of the client. *Clay v. Portik*, 84 Wn. App. 553, 560-61, 929 P.2d 1132 (1997). The act of requesting trial de novo for a client who is an aggrieved party is a procedural act and therefore is considered to be the act of the client.

¶18 The use of the term "aggrieved party" in MAR 7.1(a) is analogous to the use of the same term in RAP 3.1: "Only an aggrieved party may seek review by the appellate court." This court regularly accepts appeals signed only by a party's attorney. We see no reason why the practice should be different with respect to the filing of a request for trial de novo, which is also a type of appeal.

¶19 The only proper question Russell presented to the trial court was a legal one: When an aggrieved party's attorney timely serves and files a request for trial de novo, is MAR 7.1(a) satisfied? The answer to that question is yes. The circumstances did not call for fact finding. Counsel's request for trial de novo was effective without his client's signature because requesting trial de novo does not surrender a substantial right.

¶20 When a purely legal question is presented, it is improper for the court to inquire into attorney-client communications. *State v. Marshall*, 83 Wn. App. 741, 749-50, 923 P.2d 709 (1996). Maas had not terminated her

---

Unless otherwise prohibited by statute or court rule and except as provided in sections (b) and (c), a party may appeal from only the following superior court decisions:

. . . .

(3) *Decision Determining Action.* Any written decision affecting a substantial right in a civil case that in effect determines the action and prevents a final judgment or discontinues the action.

attorney's representation, and there was no reason to suspect fraud. Hence, the trial court erred in conducting a factual inquiry to find out if counsel for Maas was carrying out his client's wishes. The objection by counsel for Maas to the questions his client was being asked was well taken and should have been sustained.

¶21 The order striking trial de novo is reversed. The award of costs and attorney fees to Russell is reversed. We remand for trial de novo.

GROSSE and SCHINDLER, JJ., concur.

Review denied at 174 Wn.2d 1016 (2012).