IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KATHLEEN G. HANSON,<br><br>               Respondent,<br><br>       v.<br><br>JOSE LUNA-RAMIREZ,<br><br>               Appellant. | No. 82252-7-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

COBURN, J. — Respondent Kathleen Hanson struck appellant Jose Luna-Ramirez's horse with her motor vehicle in 2018. The parties entered arbitration, and the arbitrator issued an award. Luna-Ramirez filed a request for trial de novo that his attorney signed. Because Luna-Ramirez did not sign the request, Hanson filed a motion to strike request for trial de novo. The trial court granted the motion. Luna-Ramirez appeals. SCCAR 7.1 requires the aggrieved party to sign the request, and Luna-Ramirez did not do so. We affirm.

FACTS

In September 2018, Hanson was driving a motor vehicle when she struck and killed a horse owned by Luna-Ramirez. The horse had escaped from a field. Approximately a year later, Hanson filed a complaint alleging negligence and seeking damages.

Citations and pin cites are based on the Westlaw online version of the cited material.

Luna filed an answer and counterclaim to the complaint, which was answered by Hanson. About two weeks later, Hanson requested a mandatory arbitration pursuant to the Superior Court Civil Arbitration Rules (SCCAR).

On October 7, 2020, the parties participated in an arbitration. On October 22, the arbitrator filed an arbitration award. A week later, Luna-Ramirez filed a timely request for trial de novo. The request was signed by Luna-Ramirez's attorney. It was not signed by Luna-Ramirez.

Hanson filed a motion to strike the request for trial de novo, arguing that the request for trial de novo was deficient because Luna-Ramirez did not sign the request—only his counsel signed. Hanson argued that SCCAR 7.1(a) as well as RCW 7.06.050(1) require the aggrieved party's signature on the request, not just the attorney's signature. Luna-Ramirez filed a response arguing that his attorney's signature on the request complied with Mandatory Arbitration Rule (MAR) 7.1.

The trial court granted the motion to strike the request for trial de novo. The court did not enter findings of fact or conclusions of law. Luna-Ramirez timely appealed.

DISCUSSION

Statutory interpretation is a question of law reviewed de novo. Williams v. Tilaye, 174 Wn. 2d 57, 61, 272 P.3d 235, 237 (2012). "We interpret a court rule as though it were enacted by the legislature, giving effect to its plain meaning as an expression of legislative intent. Plain meaning is discerned from reading the rule as a whole, harmonizing its provisions, and using related rules to help

2

identify the legislative intent embodied in the rule." State v. Chhom, 162 Wn.2d 451, 458, 173 P.3d 234 (2007) (footnotes omitted).

A party aggrieved by an arbitration award has the right to a trial de novo. SCCAR 7.1(a); RCW 7.06.050(1). The party must timely serve and file a request for trial de novo. SCCAR 7.1(a); RCW 7.06.050(1)(a). In order to obtain a trial de novo in the superior court,

> [w]ithin twenty days after [the arbitrator files his or her decision and award with the clerk of the superior court, together with proof of service thereof on the parties], any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. *The notice must be signed by the party.* Such trial de novo shall thereupon be held, including a right to jury, if demanded.

RCW 7.06.050(1) (emphasis added); accord SCCAR 7.1(b) ("The request for a trial de novo . . . must be signed by the party."). The legislature amended RCW 7.06.050 in 2018 to add the requirement that "[t]he notice must be signed by the party. Laws of 2018, ch. 36, § 6. The amendment went into effect September 1, 2018. Id.

SCCAR 7.1(b) provides a form for a request for trial de novo with two signature lines and instructs that the request for trial de novo "shall be substantially in the form set forth below." That form expressly includes one signature line designated for the "[s]ignature of aggrieved party," and one line designated for the "[n]ame of attorney for aggrieved party." SCCAR 7.1(b).

The Superior Court Mandatory Arbitration Rules were renamed the Superior Court Civil Arbitration Rules effective December 3, 2019. Official Advance Sheet No. 3, Dec. 3, 2019. SCCAR 7.1 was amended effective

December 3, 2019 as part of a large packet of amendments to what was then the MARs.  Id.;  Elizabeth A. Turner, Washington Practice: Request for Trial de Novo § 8, (8th ed. 2021).  The amendments reflect the new statutory requirement that the request for trial de novo must be signed by the "aggrieved party"; signature of that party's attorney alone is not sufficient.  Id.

Luna-Ramirez contends that he complied with MAR 7.1 with only his attorney signing the request for trial de novo.  However, MAR 7.1 was amended to SCCAR 7.1 effective December 3, 2019.  Hanson's lawsuit was filed on December 18, 2019.  Therefore, SCCAR 7.1, and not MAR 7.1, applies in the instant case.  Luna-Ramirez was required to sign the request.

Luna-Ramirez also cites authority where this court concluded that it was proper for only an attorney to sign a request for trial de novo rather than the aggrieved party.  See Russell v. Maas, 166 Wn. App. 885, 887, 272 P.3d 273 (2012) (concluding under Former MAR 7.1(a) (2011), an attorney can file a request for trial de novo on behalf of an aggrieved party); Engstrom v. Goodman, 166 Wn. App. 905, 271 P.3d 959 (2012) (deciding under Former MAR 7.1 (2001) the filing of request for trial de novo by party's attorney was binding).  Both Russell and Engstrom were decided before the legislature amended RCW 7.06.050 in 2018, and they have been superseded by statute.

Luna-Ramirez also cites to a statement in Niccum v. Enquist out of context. 175 Wn. 2d 441, 452, 286 P.3d 966 (2012).  In Niccum, we stated that RCW 7.06.050(1)(b) was "meant to be understood by ordinary people."  Id.  However, the Niccum court was discussing a different provision of RCW 7.06.050

4

(2011) than at issue in the instant case.  Id.  Also, Niccum was decided before the amendment to RCW 7.06.050 and the creation of the applicable form in SCCAR 7.1 that provides for both the "signature of aggrieved party," and the "[n]ame of the attorney for the aggrieved party."  The statute and the new form can be understood by ordinary people.

The problem does not appear to be that Luna-Ramirez cannot understand the new form, which he makes no mention of in his briefing.  It appears from the briefing, where Luna-Ramirez continues to cite to MAR 7.1, the problem is Luna-Ramirez relied on an outdated court rule and used an outdated form.

In sum, Hanson's lawsuit was filed on December 18, 2019.  Therefore, SCCAR 7.1 applies in the instant case.  Because SCCAR 7.1 requires both the attorney and the aggrieved party to sign the request, it was proper for the trial court to strike the request for trial de novo.

Luna-Ramirez also contends that because the trial court did not enter any findings of fact or conclusions of law, the case should be remanded.  We disagree.

The trial court must make findings and conclusions in certain instances.  See CR 52(a).  However, CR 52 provides that findings of fact and conclusions of law are unnecessary "[o]n decisions of motions under rules 12 or 56 or *any other motion*, except as provided in rules 41(b)(3) and 55(b)(2)."  CR 52(a)(5)(B) (emphasis added).  Neither exceptions apply to the instant case.  See CR 41(b)(3) (pertaining to motion after plaintiff rests); see also CR 55(b) (involving entry of default judgments).

The trial court was not required to make findings and conclusions for denying the motion to strike the request for trial de novo.

CONCLUSION

The trial court properly struck the request for trial de novo because the request only included the signature of Luna-Ramirez's attorney and not the signature of the aggrieved party, Luna-Ramirez.

Affirmed.

_____ Coburn, J.


WE CONCUR:

_____    _____
Smith, J.                    Appelwick, J.

6