**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

FILED
6/21/2022
Court of Appeals
Division I
State of Washington

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SHAWN SMITH,<br><br>                    Appellant,<br><br>           v.<br><br>WASHINGTON STATE DEPARTMENT<br>OF LABOR & INDUSTRIES,<br><br>                    Respondent. | DIVISION ONE<br><br>No. 83417-7-I<br><br>PUBLISHED OPINION |

DWYER, J. — Shawn Smith appeals from the superior court's order concluding that Smith did not timely file a request for reconsideration of an order entered by the Department of Labor and Industries (the Department), which rejected his claim for workers' compensation benefits. Smith contends that the superior court erred in so concluding because the Department did not send a copy of its order to his attorney. Accordingly, Smith asserts, the order was not properly communicated and, in turn, the 60-day statutory deadline for filing a request for reconsideration did not apply.[1] However, Smith did not timely provide the Department with a writing signed by Smith setting forth the name and address of his representative as required by RCW 51.04.080. Therefore, the Department was not required to provide Smith's attorney with a copy of its order. Finding no error in the superior court's analysis, we affirm.

---

[1] RCW 51.52.050(1) provides that a "final order, decision, or award shall become final within sixty days from the date the order is communicated to the parties unless a written request for reconsideration is filed with the department of labor and industries."

No. 83417-7-I/2

I

In May 2017, Smith filed a claim with the Department.  This claim, designated as "Claim No. BB 76955," alleged that Smith developed an occupational disease—namely, bilateral carpal tunnel syndrome.

Sometime before filing claim number BB76955, Smith filed a different claim, which was denominated as claim number AZ34855.  On July 13, 2017, the Department received a written authorization from Smith stating that David Carson, an attorney, was his representative with regard to claim number AZ34855.

Also on July 13, 2017, Carson faxed to the Department a letter written by Carson.  This letter provided:

> **RE:   Shawn Smith**
> **Claim #BB76955**
>
> Dear Sir or Madam:
> Please take note that Shawn Smith is now represented by Carson Law Practice.  This notice constitutes a protest to all adverse orders.
>
> Should there be any question regarding this claim please contact: Dave Carson[2]

Notably, however, this fax did not include a writing by Smith stating that Carson was his representative with regard to claim number BB76955.

On July 17, 2017, Jeannie Carlson, a claim manager at the Department, telephoned Carson and informed him that the Department required an authorization from Smith before the Department could consider Carson to be Smith's representative for claim number BB76955.  Carson did not provide the

---

[2] This letter also provided Carson's telephone number, fax number, and e-mail address.

2

Department with such an authorization in response to this advisement. Thus, on July 27, Carlson again telephoned Carson, informing him a second time that the Department required an authorization from Smith in order to treat Carson as Smith's representative on this claim. Once again, Carson did not provide the Department with such an authorization.

On August 11, 2017, the Department entered an order rejecting claim number BB76955. In so doing, the Department determined that "the diagnosed condition was not found to arise naturally and proximately out of employment."[3] That same day, the Department mailed a copy of the order to Smith, his medical provider, his employer, and an employer group. The Department did not mail a copy of the order to Carson.

Approximately 14 months later, on October 2, 2018, Carson sent a "secure message" to the Department wherein he requested that the Department reconsider its order rejecting claim number BB76955. On October 9, the Department sent Carson a letter, which stated:

> Based on the fact that the department does not have a release from Mr. Smith for claim BB76955, your secure message of 10/2/18 cannot be construed as a protest for claim BB76955.
>
> A phone call was made on 7/17/17 informing Dave Carson that a signature from Mr. Smith is necessary in order to obtain attorney authorization on claim BB76955.

On October 16, 2018, a paralegal at Carson's law firm faxed to the Department a letter, which was signed by Smith. This letter stated:

---

[3] RCW 51.08.140 states: "'Occupational disease' means such disease or infection as arises naturally and proximately out of employment under the mandatory or elective adoption provisions of this title."

3

> TO:   DEPARTMENT OF LABOR AND INDUSTRIES
> RE:   Claim number **BB-76955**
>    All future electronic, written, and oral communications are to my attorney representatives at Carson Law Practice regarding my claim files.  Please allow digital access to my complete claim or provide a copy of my claim file to Carson Law Practice at the below address.[4]

Additionally, the fax contained a letter, authored by Carson, which stated that Smith was "represented by Carson Law Practice" and that "[t]his notice constitutes a protest to all adverse orders."[5]

On November 5, 2018, the Department entered an order refusing to reconsider its August 2017 order.  In so doing, the Department explained that Smith's protest was untimely because the protest was not received within 60 days of the August 2017 order being communicated to Smith.  This November 2018 order was mailed to Carson's law firm.

On November 13, 2018, Smith filed a notice of appeal with the Board of Industrial Insurance Appeals (the Board).  On October 4, 2019, an industrial appeals judge entered an order dismissing Smith's appeal.  On November 18, Smith petitioned for review of the industrial appeals judge's decision.  On December 13, the Board granted Smith's petition for review.  On January 24, 2020, the Board entered an order affirming the Department's November 2018 order.

On January 28, 2020, Smith appealed the Board's decision to the Pierce County Superior Court.  On December 18, the superior court entered an order

---

[4] This letter provided the address of Carson's law firm.
[5] Both the letter written by Carson and the letter signed by Smith were dated July 13, 2017.  However, these letters were not sent to the Department until October 16, 2018.

No. 83417-7-I/5

affirming the Board's decision.  In so doing, the superior court entered the following conclusions of law:

> 2.     The Department order dated August 11, 2017, was communicated to Shawn R. Smith within the meaning of RCW 51.52.050.
> 3.     The protest to the August 11, 2017 Department order received by the Department on October 16, 2018, was not timely within the meaning of RCW 51.52.050.
> 4.     As of August 11, 2017, attorney David W. Carson was not Shawn R. Smith's representative within the meaning of RCW 51.04.080 for Claim No. BB-76955.  The Department of Labor and Industries was not required to send a copy of the August 11, 2017 order to David W. Carson.
> 5.     The order dated November 5, 2018, is correct and is affirmed.

Smith appeals.

II

Smith contends that the superior court erred by concluding that the Department was not required to send a copy of its order rejecting claim number BB76955 to Carson.  This is so, Smith avers, because Carson satisfied the dictates of RCW 51.04.080 by providing the Department with a written notice of appearance for claim number BB76955 before the Department entered its order rejecting this claim.  We disagree.  RCW 51.04.080 required Smith himself to set forth in writing the name and address of his representative and communicate this to the Department.

A

Washington's Industrial Insurance Act, Title 51 RCW, governs judicial review of workers' compensation cases.  Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 179, 210 P.3d 355 (2009).  We review the superior court's

5

decision, not the Board's order. RCW 51.52.140. As with the superior court's review of an administrative appeal, our review is based solely on the evidence and testimony presented to the Board. RCW 51.52.115; Bennerstrom v. Dep't of Labor & Indus., 120 Wn. App. 853, 858, 86 P.3d 826 (2004).

We review the superior court's decision in the same manner as other civil cases. Mason v. Georgia-Pac. Corp., 166 Wn. App. 859, 863, 271 P.3d 381 (2012). Specifically, we review whether substantial evidence supports the superior court's factual findings and whether the superior court's conclusions of law flow from those findings. Rogers, 151 Wn. App. at 180. We view the record in the light most favorable to the party who prevailed in superior court. Rogers, 151 Wn. App. at 180. Additionally, the superior court's construction of a statute is a question of law, which we review de novo. Mason, 166 Wn. App. at 863.

> The goal of statutory interpretation is to discern and carry out legislative intent. Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 6, 721 P.2d 1 (1986). To determine legislative intent, we first look to the language of the statute. We must give meaning to every word in a statute. In re Recall of Pearsall-Stipek, 141 Wn.2d 756, 767, 10 P.3d 1034 (2000). Absent ambiguity, a statute's meaning is derived from the language of the statute and we must give effect to that plain meaning as an expression of legislative intent. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). If the meaning of a statute is plain on its face, the inquiry ends. State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). A statute is ambiguous if susceptible to two or more reasonable interpretations. Armendariz, 160 Wn.2d at 110. However, a statute is not ambiguous merely because of different conceivable interpretations. Armendariz, 160 Wn.2d at 110.

Bennett v. Seattle Mental Health, 166 Wn. App. 477, 483-84, 269 P.3d 1079 (2012).

6

B

The statute at issue provides:

> On all claims under this title, claimants' written notices, orders, or payments must be forwarded directly to the claimant until such time as there has been entered an order on the claim appealable to the board of industrial insurance appeals. Claimants' written notices, orders, or payments may be forwarded to the claimant in care of a representative before an order has been entered if the claimant sets forth in writing the name and address of the representative to whom the claimant desires this information to be forwarded.

RCW 51.04.080.

> Here, the superior court concluded:

> As of August 11, 2017, attorney David W. Carson was not Shawn R. Smith's representative within the meaning of RCW 51.04.080 for Claim No. BB-76955. The Department of Labor and Industries was not required to send a copy of the August 11, 2017 order to attorney David W. Carson.

Conclusion of Law 4.

Smith contends that the superior court's reading of RCW 51.04.080 "ignore[s] the nature of the attorney-client relationship" because "[a]ttorneys may perform acts on behalf of their clients, even where a statute or court rule expressly says a party must do it."[6] Additionally, Smith asserts that all of the rules and laws regarding lawyers' obligations to their clients, tribunals, and third persons provide adequate protection to any claimant who is represented by a lawyer before the Department.[7] Therefore, according to Smith, Carson's notice

---

[6] Br. of Appellant at 24.

[7] In support of this argument, Smith cites to various authority. First, Smith cites to a statutory provision of Title 2 RCW, which provides, in part:

An attorney and counselor has authority:

    (1) To bind his or her client in any of the proceedings in an action or special proceeding by his or her agreement duly made, or entered upon the minutes of the court; but the court shall disregard all agreements and stipulations in relation to the conduct of, or any of the proceedings in, an action or special

of appearance for claim number BB76955, which was sent to the Department before the Department entered its order rejecting this claim, satisfied the requirements of RCW 51.04.080.

Notably, however, the Department permits nonlawyers to represent claimants. See WAC 263-12-020(3). Plainly, the requirements and privileges that apply specifically to lawyers do not necessarily apply to nonlawyer representatives. Given that both lawyers and nonlawyers may represent claimants before the Department, we first determine whether the legislature had the authority to promulgate a rule that applied equally to all representatives, regardless of whether those representatives are lawyers or nonlawyers.

---

proceeding unless such agreement or stipulation be made in open court, or in presence of the clerk, and entered in the minutes by him or her, or signed by the party against whom the same is alleged, or his or her attorney;

    (2) To receive money claimed by his or her client in an action or special proceeding, during the pendency thereof, or after judgment upon the payment thereof, and not otherwise, to discharge the same or acknowledge satisfaction of the judgment.

RCW 2.44.010.

Additionally, Smith cites to several appellate opinions. The first set of these opinions provide that lawyers owe a fiduciary duty to their clients. See Perez v. Pappas, 98 Wn.2d 835, 840-41, 659 P.2d 475 (1983); Kelly v. Foster, 62 Wn. App. 150, 154-55, 813 P.2d 598 (1991). The second set of these opinions provide that lawyers are entitled to make their own decisions with regard to their representation as long as those decisions do not affect the merits of the cause or prejudice a substantial right of the client. See Barton v. Tombari, 120 Wash. 331, 336, 207 P. 239 (1922); Fite v. Lee, 11 Wn. App. 21, 29, 521 P.2d 964 (1974). Additionally, Smith cites to an opinion wherein the court stated that "[a]bsent fraud, the actions of an attorney authorized to appear for a client are generally binding on the client." Russell v. Maas, 166 Wn. App. 885, 889-90, 272 P.3d 273 (2012).

Finally, Smith cites to several provisions of the Rules of Professional Conduct (RPC). In particular, Smith cites to RPC 1.2(a), which states: "A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation." Smith also cites to RPC 3.3(a)(1), which provides that lawyers shall not knowingly make a false statement of fact or law to a tribunal. Additionally, Smith cites to RPC 4.1(a), which provides that lawyers shall not knowingly make a false statement of material fact or law to a third person. Furthermore, Smith cites to RPC 8.4(c), which provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonestly, fraud, deceit or misrepresentation."

No. 83417-7-I/9

C

It is well established that a statute may be overinclusive as long as the statute is rationally related to a legitimate state interest. Indeed, our Supreme Court has explained that "'perfection is by no means required' and . . . a statute may survive rational basis review even if it 'is to some extent both underinclusive and overinclusive.'" Campbell v. Dep't of Soc. & Health Servs., 150 Wn.2d 881, 901, 83 P.3d 999 (2004) (internal quotation marks omitted) (quoting Vance v. Bradley, 440 U.S. 93, 108, 59 L. Ed. 2d 171 (1979)). As such, "[a] classification does not fail because it is not made with mathematical nicety." Campbell, 150 Wn.2d at 901 (citing Heller v. Doe, 509 U.S. 312, 321, 113 S. Ct. 2637, 125 L. Ed. 2d 257 (1993)). Put differently, "[t]he law may be overinclusive, underinclusive, illogical, and unscientific and yet pass constitutional muster." United States v. Pickard, 100 F. Supp. 3d 981, 1005 (E.D. Cal. 2015).

To be clear, Smith does not claim that RCW 51.04.080 is constitutionally deficient. However, the authority quoted above clarifies that, in enacting RCW 51.04.080, the legislature was constitutionally authorized to impose a requirement that applies equally to both lawyers and nonlawyer representatives. Indeed, there are various legitimate state interests that are promoted when claimants themselves are required to set forth in writing the name and address of the claimant's representative, regardless of whether that representative is a lawyer or a nonlawyer. For example, such a requirement encourages claimants themselves to decide whether they pay the costs associated with representation. Additionally, because a claimant may elect to have a representative for one claim

9

No. 83417-7-I/10

and not a separate claim, such a requirement provides clarity to the Department when it processes various claims. Furthermore, having one preliminary procedure that applies equally to both lawyer representatives and nonlawyer representatives promotes administrative efficiency. Thus, the legislature was authorized to impose a requirement that applies equally to all representatives, whether they be lawyers or nonlawyers.

D

Having clarified that the legislature possesses the authority to impose a requirement on claimants themselves to set forth in writing the name and address of the claimant's representative, regardless of whether that representative is a lawyer or a nonlawyer, we next determine whether RCW 51.04.080 in fact imposes such a requirement.

The plain language of the statute makes clear that, when a claimant desires to have a Department order forwarded to the claimant's representative, the claimant must personally convey to the Department a writing signed by the claimant that sets forth the representative's name and address. Indeed, the statute states that, at each claim's inception, "claimants' written notices, orders, or payments must be forwarded *directly* to the claimant until such time as there has been entered an order on the claim appealable to the board of industrial insurance appeals." RCW 51.04.080 (emphasis added). The statute then provides a means by which a claimant may request that an order be forwarded to the claimant's representative. In particular, the statute provides that an order "may be forwarded to the claimant in care of a representative before an order has

10

been entered if *the claimant* sets forth in writing the name and address of *the representative* to whom *the claimant* desires this information to be forwarded." RCW 51.04.080 (emphasis added).

When interpreting a statutory provision, courts "must give meaning to every word in a statute." Bennett, 166 Wn. App. at 483. Additionally, "[d]ifferent statutory language should not be read to mean the same thing: '[w]hen the legislature uses different words in the same statute, we presume the legislature intends those words to have different meanings.'" Ass'n of Wash. Spirits & Wine Distribs. v. Wash. State Liquor Control Bd., 182 Wn.2d 342, 353, 340 P.3d 849 (2015) (second alteration in original) (quoting In re Pers. Restraint of Dalluge, 162 Wn.2d 814, 820, 177 P.3d 675 (2008) (Sanders, J., dissenting)). The statutory language at issue draws a clear distinction between the claimant and the claimant's representative. As such, we interpret those terms to mean different things.

Accordingly, RCW 51.04.080 authorizes only claimants themselves—and not the claimant's representative—to set forth in writing the name and address of the claimant's representative. Because the Department was not provided with such a writing by Smith before the Department entered its order rejecting Smith's claim, the Department was not required to forward a copy of that order to Carson.

E

We note that this is not the only time that the legislature has imposed a requirement that must be satisfied by parties themselves and that cannot be satisfied by a party's lawyer. In a different context, parties themselves must sign

11

No. 83417-7-I/12

a notice requesting a trial de novo following a superior court mandatory

arbitration proceeding:

> Following a hearing as prescribed by court rule, the arbitrator shall file his or her decision and award with the clerk of the superior court, together with proof of service thereof on the parties.  Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact.  *The notice must be signed by the party*.  Such trial de novo shall thereupon be held, including a right to jury, if demanded.

RCW 7.06.050(1) (emphasis added).

Thus, when a party's attorney signed the notice requesting a trial de novo

following a mandatory arbitration proceeding, we explained that the de novo trial

request was a nullity because the request "did not comply with the requirement

that a request for a trial de novo must be signed by the party."  Mangan v. Lamar,

18 Wn. App. 2d 93, 96-97, 496 P.3d 1213 (2021); accord Hanson v. Luna-

Ramirez, 19 Wn. App. 2d 459, 462, 496 P.3d 314 (2021).  These cases

demonstrate that the legislature is aware that it has the authority to impose a

requirement on parties themselves that cannot be satisfied by the party's

representative.  That is what occurred in this instance.  Because the plain

language of RCW 51.04.080 requires claimants themselves to set forth in writing

the name and address of the claimant's representative, we must enforce this

plain meaning.  See Bennett, 166 Wn. App. at 483-84.

F

Smith asserts that his interpretation of RCW 51.04.080 best harmonizes

with other statutory provisions of the Industrial Insurance Act.  In support of this

12

argument, Smith cites to RCW 51.32.160,[8] RCW 51.52.060,[9] and RCW 51.24.030.[10]  According to Smith, "[a]ll of these statutes explicitly require action by the claimant, injured worker, or beneficiary.  Yet attorneys may perform these actions in the name of and on behalf of their clients."[11]  However, RCW 51.32.160 and RCW 51.52.060 are inapposite because they apply after the Department enters an order.  Additionally, RCW 51.24.030 is of no aid to Smith because it has nothing to do with a claimant's claim before the Department.  Instead, this statute regards notifying the Department of a separate claim that is before a different tribunal.  These citations do not inform our analysis.

For all of the reasons set forth above, the superior court did not err.

Affirmed.

_Dwyer, J._

---

[8] RCW 51.32.160 provides, in part:
(1)(a) If aggravation, diminution, or termination of disability takes place, the director may, upon the application of the beneficiary, made within seven years from the date the first closing order becomes final, or at any time upon his or her own motion, readjust the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment.

[9] RCW 51.52.060 provides, in part:
(1)(a) Except as otherwise specifically provided in this section, a worker, beneficiary, employer, health services provider, or other person aggrieved by an order, decision, or award of the department must, before he or she appeals to the courts, file with the board and the director, by mail or personally, within sixty days from the day on which a copy of the order, decision, or award was communicated to such person, a notice of appeal to the board.

[10] RCW 51.24.030 provides, in part:
(1) If a third person, not in a worker's same employ, is or may become liable to pay damages on account of a worker's injury for which benefits and compensation are provided under this title, the injured worker or beneficiary may elect to seek damages from the third person.
(2) In every action brought under this section, the plaintiff shall give notice to the department or self-insurer when the action is filed.

[11] Reply Br. of Appellant at 10.

13

No. 83417-7-I/14

WE CONCUR: