**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| AMANDA BUTLER, an individual, | No. 55136-5-II |
| Respondent, | |
| v. | |
| JAMES FINNERAN and "JANE DOE" FINNERAN, husband and wife, | ORDER GRANTING MOTION TO PUBLISH |
| Appellant. | |

Non-party applicant Washington State Association for Justice Foundation filed a motion to publish this court's opinion filed on June 22, 2022. After consideration, the court grants the motion. It is now

**ORDERED** that the opinion will be published.

**PANEL:** Jj. Worswick, Cruser, Veljacic

**FOR THE COURT:**

CRUSER, A.C.J.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| AMANDA BUTLER, an individual, | No. 55136-5-II |
| Respondent, | |
| v. | |
| JAMES FINNERAN and "JANE DOE" FINNERAN, husband and wife, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, A.C.J. – Amanda Butler sued James Finneran following a motor vehicle accident, and the parties attended arbitration. After an unfavorable arbitration award, Finneran filed a request for trial de novo that included only a signature by his attorney. Butler moved to strike the request, arguing that Finneran was required to sign the request himself, and the trial court granted her motion. Finneran appeals the court's order granting Butler's motion to strike his request for trial de novo and a subsequent judgment that includes an award of attorney fees to Butler.

We hold that the trial court did not err by granting Butler's motion to strike Finneran's request for trial de novo because he was required to sign the request. In addition, we hold that it was not error for the trial court to award fees to Butler. We also grant Butler's request for attorney fees on appeal in an amount to be determined by the court commissioner.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 55136-5-II

FACTS

Butler and Finneran were involved in a motor vehicle accident in 2018. In August 2020, the parties attended arbitration pursuant to the Superior Court Civil Arbitration Rules (SCCAR)[1] and the Pierce County Local Superior Court Civil Arbitration Rules. After the arbitrator filed the award with the superior court, Finneran filed a request for trial de novo and a jury demand. The request for trial de novo included only a signature by Finneran's counsel; Finneran did not sign the request himself.

Butler then moved to strike Finneran's request for trial de novo on the basis that the request must be signed by the aggrieved party under RCW 7.06.050 and SCCAR 7.1. In response, Finneran argued that his attorney's signature on the request was sufficient and that he authorized his attorney to file the request on his behalf. At the hearing on the motion, Finneran explained that he used the Pierce County form found on the LINX website, which "did not include the updated requirement for the signature, but it's substantially the same." Verbatim Report of Proceedings (VRP) at 11-12. The trial court believed it was unfair to strike Finneran's request, but nevertheless granted Butler's motion to strike the request for trial de novo.

Butler then moved for an award of attorney fees and entry of judgment. The court granted Butler's motion and entered judgment in favor of Butler with an award of attorney fees.

Finneran appeals the trial court's orders granting Butler's motion to strike his request for trial de novo and the judgment awarding attorney fees to Butler. The Washington State Association

---

[1] The SCCARs were previously known as the Mandatory Arbitration Rules (MAR). In re Suggested Amendments to Mandatory Arbitration Rules, No. 25700-A-1271, at 1 (Wash. Nov. 6, 2019), https://www.courts.wa.gov/content/publicUpload/Supreme%20Court%20Orders/25700A1271.pdf.

No. 55136-5-II

for Justice Foundation filed an amicus brief that supports Butler's argument to affirm the trial court's order granting her motion to strike.

DISCUSSION

I. Request for Trial de Novo

Finneran argues that the trial court erred by striking his request for trial de novo because an attorney's signature on the request is sufficient to bind the client. Butler argues that the trial court properly struck Finneran's request for trial de novo because he was required to sign it himself, rather than only his attorney. We agree with Butler.

A. LEGAL PRINCIPLES

*1. Principles of Statutory Interpretation*

Statutory interpretation is an issue of law reviewed de novo. *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Our goal is to "ascertain and carry out the Legislature's intent." *Id.* If the meaning of the statute is plain on its face, we "must give effect to that plain meaning as an expression of legislative intent." *Id.* at 9-10. We discern plain meaning from the ordinary meaning of the language in the context of related statutory provisions, the entire statute, and related statutes. *Id.* at 9-12.

If a statute is susceptible to more than one reasonable interpretation after reviewing the plain meaning, it is ambiguous. *Id.* at 12. For ambiguous statutes, we may look to legislative history and relevant case law to discern legislative intent. *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014). "When we interpret a court rule, similar to when we interpret a statute, we strive to determine and carry out the drafter's intent." *Denney v. City of Richland*, 195 Wn.2d 649, 653, 462 P.3d 842 (2020).

No. 55136-5-II

2. *Signature Requirement for Request for Trial de Novo*

Within 20 days after an arbitration award is filed with the trial court, any aggrieved party may file a notice of appeal and request for trial de novo. RCW 7.06.050(1). "The notice must be signed by the party." RCW 7.06.050(1). The requirement that the notice be signed by the party was added by legislative amendment in 2018. LAWS OF 2018, ch. 36, § 6.

Under RCW 7.06.030, the supreme court is responsible for adopting procedures to implement mandatory civil arbitration. Those procedures are contained in the SCCARs. SCCAR 7.1(b) requires a request for trial de novo to be "substantially in the form" set out in the rule. This form was amended by the supreme court in 2019, after the legislature amended RCW 7.06.050. In re Suggested Amendments, at 1, 23. The amended court rule now provides that the request for a trial de novo "must be signed by the party." *Id.* at 23. In addition, the signature line in the form was amended to read, "Signature of aggrieved party," and the line "Name of attorney for aggrieved party" was moved below the signature block after having previously been directly under the signature line. *Id.*

B. ANALYSIS

Here, it is undisputed that Finneran did not sign the request for trial de novo. Division One of this court has recently held that a request for trial de novo is ineffective when the request is signed by the party's attorney, but not signed by the aggrieved party. *See Hanson v. Luna-Ramirez*, 19 Wn. App. 2d 459, 462, 496 P.3d 314 (2021); *Mangan v. Lamar*, 18 Wn. App. 2d 93, 96-97, 496 P.3d 1213 (2021). We agree with Division One and hold that it was proper for the trial court to grant Butler's motion to strike Finneran's request for trial de novo.

5

No. 55136-5-II

Finneran argues that he complied with the signature requirement outlined in RCW 7.06.050(1) and SCCAR 7.1(b) because his attorney's signature "is an act by Mr. Finneran himself." Br. of Appellant at 12. He goes further in his reply brief, arguing that the amendments to RCW 7.06.050 and SCCAR 7.1 codified Washington case law allowing attorneys to sign a request for trial de novo on their clients' behalf, and that this is evident due to the omission of the word "aggrieved" in the amended statute and court rule. Reply Br. of Appellant at 4. He cites *Russell v. Maas*, 166 Wn. App. 885, 272 P.3d 273 (2012) and *Engstrom v. Goodman*, 166 Wn. App. 905, 271 P.3d 959 (2012) in support of his argument that his attorney's signature was binding on him.

As an initial matter, the authority that Finneran claims supports his position predates the amendments to RCW 7.06.050 and SCCAR 7.1 that add the signature requirements and, therefore, does not aid in our interpretation of the current statue and court rule. *Hanson*, 19 Wn. App. 2d at 462 ("Both *Russell* and *Engstrom* were decided before the legislature amended RCW 7.06.050 in 2018, and they have been superseded by statute."). Finneran's related argument that an attorney's signature is merely a "procedural act" relies on the court's holding in *Russell* and is inapposite given the current language in the statute and court rule. Reply Br. of Appellant at 5-6.

Further, the form provided in SCCAR 7.1(b) for a request for trial de novo negates Finneran's argument that a signature by only his attorney is sufficient. Notably, and contrary to Finneran's assertions, the form does include the word "aggrieved" on the signature line. SCCAR 7.1(b). "That form expressly includes one signature line designated for the '[s]ignature of aggrieved party,' and one line designated for the '[n]ame of attorney for aggrieved party.' " *Hanson*, 19 Wn. App. 2d at 462 (alteration in original) (citing SCCAR 7.1(b)). As explained above,

6

No. 55136-5-II

these changes were made to the rule after the legislature amended RCW 7.06.050. In re Suggested Amendments, at 1, 23. If a signature by the aggrieved party's attorney was sufficient, this differing language would not appear in the form. SCCAR 7.1(b) now reads that a party's request for trial de novo "shall be substantially in the form set forth below, *and must be signed by the part y . . .*" (Emphasis added.) A signature from only the party's attorney is not sufficient.[2]

Finneran next argues that the trial court's order striking his request for trial de novo limits an insurer's duty to defend. This argument does not substantively differ from Finneran's argument that his lawyer was acting as his agent, except to say that his lawyer was authorized by his insurance contract. He does not explain how the insurance company's duty to defend him is limited by a requirement that he sign a request for trial de novo. Nor does Finneran demonstrate how the trial court's order striking his request for trial de novo goes against public policy. In his opening brief, Finneran simply states that the order should be reversed "as a matter of [p]ublic [p]olicy,"

---

[2] The introduction in Finneran's opening brief states that the form for his request for trial de novo "was supplied by the court and substantially complied with SCCAR 7.1," and he also mentions this in his issues pertaining to assignments of error. Br. of Appellant at 1. However, the remainder of his brief provided no argument to support this statement. RAP 10.3(a)(6) directs each party to supply in its brief, "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." To the extent that Finneran's reply brief provides argument that he substantially complied with RCW 7.06.050 and SCCAR 7.1, an appellate court does not consider issues argued for the first time in a reply brief. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Accordingly, we decline to address this argument.

7

No. 55136-5-II

but his argument only frames this as an issue related to an insurer's duty to defend. Br. of Appellant

at 6, 15 ("Insurance contracts are imbued with public policy concerns.").[3]

We hold that the trial court properly struck Finneran's request for trial de novo because

Finneran did not comply with the requirement that he sign the request.

## II. Attorney Fees at the Trial Court

Finneran argues that it was improper for the trial court to award attorney fees to Butler

under SCCAR 7.3 because "neither [party] had the opportunity to improve [their] position" on

Finneran's request for trial de novo. Br. of Appellant at 6. Butler argues that SCCAR 7.3 mandates

a fee award, regardless of whether the parties proceeded to a trial de novo. We agree with Butler.

We review the legal basis for awarding attorney fees de novo, and we review a trial court's

decision to award attorney fees, and the reasonableness of the award, for an abuse of discretion.

*Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012).

SCCAR 7.3 provides: "The court shall assess costs and reasonable attorney fees against a

party who appeals the [arbitration] award and fails to improve the party's position on the trial de

novo." Although the rule does not explicitly address a situation where a request for a trial de novo

is stricken on procedural grounds, Washington courts have held that former MAR 7.3 (1993), with

the same language, provided for attorney fees under these circumstances. *See Wiley v. Rehak*, 143

---

[3] Nevertheless, in Finneran's reply brief, he states that Butler failed to respond to the issue of whether the trial court's order violates public policy considerations and that, "[f]or this reason alone," we should reverse. Reply Br. of Appellant at 9. Considering that Finneran himself failed to present argument on this issue in his opening brief, and provided minimal argument in his reply brief, we decline to consider this argument. *See* RAP 10.3(a)(6) (directing each party to provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."); *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.").

No. 55136-5-II

Wn.2d 339, 349, 20 P.3d 404 (2001) (party "failed to improve his position because he failed to comply with the MARs"); *Kim v. Pham*, 95 Wn. App. 439, 446-47, 975 P.2d 544 (1999) ("Although not explicitly stated, we interpret MAR 7.3 as requiring a mandatory award of attorney fees when one requests a trial de novo and does not improve their position at trial because they failed to comply with requirements for proceeding to a trial de novo such as MAR 7.1(a).").

Finneran argues that fees under SCCAR 7.3 are not appropriate when a trial de novo has not yet occurred. However, in the cases Finneran cites in support of this claim, the parties were set to attend a trial de novo in the future. *See Hudson v. Hapner*, 170 Wn.2d 22, 34, 239 P.3d 579 (2010) (court could not know whether party would fail to improve her position until after retrial); *Holt v. Gambill*, 123 Wn. App. 685, 692, 98 P.3d 1254 (2004) (when trial court properly denied motion to strike request for trial de novo, fees were not appropriate when the trial de novo had "not yet occurred."). If we reversed the trial court's order striking Finneran's request for trial de novo, Finneran would be correct; however, when there will be no future trial de novo, his argument fails.

We hold that the trial court properly awarded fees to Butler under SCCAR 7.3.

ATTORNEY FEES ON APPEAL

Butler requests attorney fees on appeal under RAP 18.1 and SCCAR 7.3. RAP 18.1(a) provides for recovery of reasonable attorney fees on appeal if granted under "applicable law." And under SCCAR 7.3, "[t]he court shall assess costs and reasonable attorney fees against a party who appeals the [arbitration] award and fails to improve the party's position on the trial de novo." It is proper to award fees on appeal under SCCAR 7.3 when a party has failed to improve his or her position due to a procedural defect in requesting a trial de novo. *See Wiley*, 143 Wn.2d at 348 (under former MAR 7.3 (1993)); *Kim*, 95 Wn. App. at 446-47 (under former MAR 7.3 (1993)).

9

No. 55136-5-II

Therefore, we award attorney fees to Butler on appeal in an amount to be determined by the court commissioner.

## CONCLUSION

We hold that the trial court properly struck Finneran's request for trial de novo because he did not comply with RCW 7.06.050 and SCCAR 7.1 by signing the request. We also hold that it was proper for the trial court to award fees to Butler under SCCAR 7.3. Accordingly, we affirm the trial court's order striking Finneran's request for trial de novo and judgment awarding fees to Butler. In addition, we grant Butler's request for attorney fees on appeal in an amount to be determined by the court commissioner.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, A.C.J.

We concur:

WORSWICK, J.

VELJACIC, J.